**Eduardo Ferrer BOLIVAR, Plaintiff,**

v.

**Herbert L. POCKLINGTON, Defendant.**

**Civ. No. 90–1311(PG).**

United States District Court, D.Puerto Rico.

Jan. 28, 1991.

Gerardo A. Carlo, Carlos G. Látimer, San Juan, P.R., Michael J. Rovell, Chicago, Ill., for plaintiff.

Rossell Barrios Amy, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is a civil action brought by plaintiff, Eduardo Ferrer Bolivar, against Herbert L. Pocklington. Plaintiff alleges, *inter alia,* that Hatteras International, Division of Genmar Industries, failed to renew a dealership agreement with all or one of three corporations, Villa Marina Yacht Sales, Inc., Villa Marina Yacht Harbour, Inc., and San Juan Bay Marina, Inc. ("Villa Marina"), of which Ferrer is president and sole stockholder. Ferrer also avers that Pocklington, who is president of Hatteras International, tortiously interfered with the dealership agreements which Villa Marina had with Hatteras International and with another company, Bertram Yachts, as well as, generally, with Villa Marina's prospective business advantage. There is no coherent explanation to be found in plaintiff's allegations as to why Ferrer, rather than Villa Marina, appears as the plaintiff in this action. Ferrer does not explain why he is ignoring the corporate existence of Villa Marina, which would be the party entitled to any possible relief under the allegations of the complaint.

It appears that Villa Marina had indeed filed the same claims in this Court on May 23, 1989, in an action captioned *Villa Marina Yacht Sales, Inc., et al v. Hatteras Yacht, Hatteras International, et al.* On February 14, 1990, judgment of dismissal was entered by another judge of this Court in that action. On March 1, 1990, that is, only a few days after that action was dismissed and while the judgment of dismissal was pending appeal, Ferrer filed the instant action, which is identical to the dismissed action.

Moreover, Civil Case No. 89–0709(GG) was not the first time in which Ferrer had filed these claims against Pock-

lington under Act 75 of June 24, 1964, and Article 1802 of the Puerto Rico Civil Code. On February 10, 1989, Ferrer, as well as Villa Marina, filed an action in the Superior Court of Puerto Rico against Pocklington claiming tortious interference with the dealership agreement between Villa Marina and Hatteras, requesting injunctive relief, presumably under Act 75, against Hatteras and compensation for an alleged injury to Villa Marina's and Ferrer's reputation.[1] On or about May 19, 1989, Villa Marina and Ferrer unilaterally and voluntarily dismissed these claims. The Court takes judicial notice under Fed.R.Evid. 201 of the Superior Court's proceedings.

In view of the foregoing circumstances, Ferrer's notice of voluntary dismissal filed in the instant action is the second time Ferrer's claims against Pocklington have been voluntarily dismissed.

■ Fed.R.Civ.P. 41(a)(1) provides that a notice of dismissal operates as an adjudication of the merits of an action when filed by a plaintiff who has once dismissed an action in any court of the United States or of any state based on or including the same claim. *Medina v. Chase Manhattan Bank,* 737 F.2d 140, 143 (1st Cir.1984); *Island Stevedoring, Inc. v. Barge CCBI,* 129 F.R.D. 430, 431–432 (D.P.R.1990). As summarized previously, the Superior Court action voluntarily dismissed by Ferrer as to Pocklington includes one or more of the claims made in the instant action, such as the claim for violation of Act 75, tortious interference with the Hatteras dealership agreement, and for injury to business reputation, which has been titled tortious interference with prospective business advantage in the complaint filed in the instant action.

■ Moreover, since plaintiff filed his notice of voluntary dismissal under Fed.R.Civ.P. 41(a)(1), the Court did not have to

enter judgment. *See Universidad Central del Caribe, Inc. v. Liaison Committee on Medical Education,* 760 F.2d 14, 18 n. 4 (1st Cir.1985). Despite the fact that the notice of voluntary dismissal filed by Ferrer purports to dismiss the action without prejudice, it is, in fact, the second voluntary dismissal of the same claims and, hence, it is an adjudication on the merits of those claims between the parties. *Robertshaw-Fulton Controls Co. v. Noma Electric Corporation,* 10 F.R.D. 32 (D.C.Md. 1950). Hence, the judgment of dismissal without prejudice entered by this Court on November 14, 1990, is hereby vacated under Fed.R.Civ.P. 60(b)(1).

Under that rule, the Court can alter or vacate a final judgment by reason of inadvertence and surprise as in this case. The following are sufficient reasons to relieve the defendant from the judgment. Plaintiff failed to certify in his notice that he had served by mail upon defendant a copy of the Notice of Voluntary Dismissal. This may have caused the Clerk's failure to notify Pocklington of the entry of the judgment. Moreover, Pocklington had no reason to anticipate that judgment would be entered given the automatic dismissal provided for under Rule 41(a)(1). Therefore, the Court finds that there had been excusable surprise and inadvertence on defendant's part which justifies an order vacating the judgment upon defendant's diligent and reasonable action in seeking relief from the judgment on December 19, 1990. *See R.E. Rodgers v. Watt,* 722 F.2d 456 (9th Cir.1983). *See also Buckeye Cellulose Corp. v. Braggs Electric Construction Co.,* 569 F.2d 1036 (8th Cir.1978) (decided under Rule 60(b)(6) because motion was filed more than a year after entry of judgment); *Cf. Scola v. Boat Frances R., Inc.,* 618 F.2d 147 (1st Cir.1980). Defendant learned of the existence of the judgment on December 4, 1990.[2]

---

**1.** On *February 7, 1989,* Villa Marina also filed a counterclaim under Act 75 and Article 1802 of the Puerto Rico Civil Code against Hatteras International in an action originally filed by Hatteras International against Villa Marina on *January 9, 1989.* In that action, Villa Marina sought and was denied injunctive relief under Act 75

after a hearing was held by the Superior Court. All actions before the Superior Court are presently consolidated.

**2.** Defendants were also never notified by the Clerk of a margin order of this Court dated

It should be noted that defendant had advised plaintiff and this Court that this was the second voluntary dismissal of the same claims in a motion filed after the filing of Ferrer's notice of dismissal but prior to the entry of judgment. Clearly, plaintiff cannot rely on a judgment which he never had a right to expect. Defendant, on the other hand, has an undeniable right to expect that plaintiff will not file these claims for a third time. Moreover, it would be truly unfair to defendant to let the judgment of dismissal without prejudice stand insofar as plaintiff has filed this action in violation of Fed.R.Civ.P. 11 and 28 U.S.C. § 1927.

■ We now turn to address this issue. Given plaintiff's and plaintiff's attorney's conduct in filing this action, sanctions are appropriate under 28 U.S.C. § 1927 and Fed.R.Civ.P. 11. A voluntary dismissal does not deprive the Court of jurisdiction over a motion for fees under these provisions. *See Cooter & Gell v. Hartmarx Corporation*, — U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600 (1st Cir.1988).

Section 1927 provides that any attorney admitted to conduct cases in any court of the United States or any territory thereof who so multiplies proceedings unreasonably and vexatiously may be required by the court to personally satisfy the excess costs and attorney's fees reasonably incurred by the other party because of such conduct.

Rule 11 provides that the signature of the attorney of a party constitutes a certificate that the signer had read the pleading, motion or other paper and that to the best of the signer's knowledge, information and belief, and after reasonable inquiry, such pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law. Lawsuits should not be filed or prosecuted for improper purposes such as forum shopping or in-

creasing the cost of litigation to the other party.

■ Ferrer's attorneys should have known that filing this action was not justified by existing law and that it unnecessarily multiplied proceedings and increased the cost of litigation to defendant insofar as all the claims filed belong to Villa Marina, not to Ferrer personally. Not only are there no reasons to pierce Villa Marina's corporate veil but such a recourse is not available to Ferrer as its sole stockholder and president. *See San Miguel Fertilizer Corp. v. P.R. Drydock & Marine Terminals*, 94 P.R.R. 403 (1967); *South Porto Rico Sugar Corp. v. Sugar Board of Puerto Rico*, 88 P.R.R. 42 (1963). A stockholder of a corporation has no personal right to claim as his own the cause of action arising from an injury to the corporation. *See In Re Dein Host, Inc.*, 835 F.2d 402, 405–406 (1st Cir.1987); *Alford v. Frontier Enterprises, Inc.*, 599 F.2d 483, 484 (1st Cir. 1979). The allegations of the complaint refer only to injuries suffered by Villa Marina, who was the party to the contracts and whose prospective business advantage was allegedly at stake. Ferrer's only role is that of Villa Marina's sole stockholder and president and, hence, there is no direct relationship between Ferrer and Pocklington in this case.

■ It is well settled law that Villa Marina, not Ferrer, is the real party in interest to this action. Fed.R.Civ.P. 17; *Prevor-Mayorson Caribbean, Inc. v. Puerto Rico Marine Management, Inc.*, 620 F.2d 1 (1st Cir.1980); *W. Clay Jackson Enterprises, Inc. v. Greyhound Leasing & Financial Corporation*, 463 F.Supp. 666 (D.P.R.1979); *Thompson v. Thomas*, 680 F.Supp. 1 (D.D.C.1987). Ferrer has not even attempted to justify why Villa Marina should be ignored for purposes of this litigation when it exists for all other purposes. Ferrer cannot disregard the existence of Villa Marina when it is expedient to do so in order to circumvent a previous dismissal of this Court under *Colorado River*. This amounts to nothing less than forum shop-

November 1, 1990, regarding the notice of dismissal without prejudice.

ping[3] and oversteps the bounds of reasonableness to the point of vexation. Moreover, these claims had been previously filed by Villa Marina and dismissed by this Court precisely under the doctrine of wise judicial administration established in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and the judgment of dismissal was pending appeal at the time the instant action was filed.[4] Hence, sanctions under both section 1927 and Rule 11 are in order. *Unanue Casal v. Unanue Casal*, 898 F.2d 839 (1st Cir. 1990); *Cruz v. Savage*, 896 F.2d 626 (1st Cir.1990).

Because of the filing of this action defendant had to prepare several motions including a very complex motion to dismiss and a request to stay discovery when plaintiff cavalierly attempted to conduct discovery regarding claims that had already been dismissed in a previous federal action by this Court. Moreover, defendant's attorneys also had to attend a status conference before this Court. All of these incidents clearly cause substantial legal costs to defendant.

It is, therefore, ORDERED that plaintiff and plaintiff's attorneys shall pay, jointly and severally, the amount of $5,000.00 as reasonable attorney's fees, which shall be payable within thirty days of the filing of this order.

IT IS SO ORDERED.

---

3.  This seems particularly true given that this is the fourth action involving essentially the same claims. We are referring to the two prior, now consolidated, actions before the Superior Court, where injunctive relief was requested by and denied to Villa Marina. The first federal action was filed after the denial of the injunction by the Superior Court and the instant action was filed after the dismissal, on *Colorado River* grounds, of the first federal action. Villa Marina exhibits a consistent pattern of shopping for another forum or judge after every adverse result.

4.  Upon filing this action, Ferrer failed to inform this Court that a related case had been previously filed in this Court. This judge learned of the existence of the previous federal action from defendant's motion to dismiss.