**VILLA MARINA YACHT SALES, INC., Villa Marina Yacht Harbour, Inc. and San Juan Bay Marina, Inc., Plaintiffs,**

**v.**

**HATTERAS YACHTS, Hatteras International, Division of Genmar Industries, Inc., Genmar Industries, Inc. and Herbert L. Pocklington, Defendants.**

**Civ. No. 89–0709 GG.**

United States District Court, D. Puerto Rico.

March 27, 1991.

Carlo & Troncoso, Ramirez Latimer & Biaggi, San Juan, P.R. (Michael J. Rovell, Chicago, Ill., of counsel), for plaintiffs.

McConnell Valdes Kelley Sifre Griggs & Ruiz–Suria, San Juan, P.R., for defendants.

OPINION AND ORDER

GIERBOLINI, District Judge.

Before the court is defendants' motion to dismiss or stay this suit in deference to a parallel proceeding in the Commonwealth court. In *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court held that in exceptional circumstances a federal court may decline exercise of its jurisdiction in favor of a parallel state proceeding.

## I. BACKGROUND

In September 1988, Hatteras International ("Hatteras") notified Villa Marina Yacht Sales, Inc. ("Villa Marina"),[1] its exclusive representative in the Virgin Islands and Puerto Rico, that it was terminating their distributorship agreement because of concerns regarding Villa Marina's business practices.[2] In November 1988, Hatteras executed a dealership agreement with Hatteras Yacht Sales of Puerto Rico ("Yacht Sales"). Yacht Sales is owned by Pedro Rivera Fullana, the former sales manager of Villa Marina.

In anticipation of litigation, Hatteras filed an action on January 9, 1989 in the Superior Court, San Juan Part, seeking a declaratory judgment that the termination of its distributorship agreement with Villa Marina did not violate Commonwealth law and injunctive relief to prevent Villa Marina from interfering with the sale of Hatteras' products by its new distributor, Yacht Sales. On February 7, Villa Marina answered and counterclaimed for damages under the Puerto Rico Dealer's Act, 10 L.P.R.A. § 278 *et seq.*, and Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141.

On February 10, Villa Marina and its president, Eduardo Ferrer ("Ferrer") brought a separate action in the Superior Court against Yacht Sales, Rivera Fullana and his wife, and Herbert Pocklington, Hatteras International's president, alleging violations of Law 75 and Article 1802. This separate action was consolidated with the original suit brought by Hatteras. On May 19, however, Villa Marina moved to dismiss without prejudice the claims against Pocklington. A few days later, on May 22, Villa Marina filed the complaint in this diversity action against Hatteras Yacht, Hatteras International and its president, Herbert Pocklington, and Hatteras' parent corporation, Genmar Industries, Inc., alleging violations of Law 75, breach of contract and various tortious interference claims under Article 1802.[3]

On February 14, 1990, we entered judgment dismissing (1) the case against defendant Pocklington on the ground that we lacked personal jurisdiction over him and (2) against the remaining defendants under the *Colorado River* doctrine. On appeal, the First Circuit reversed our dismissal of Pocklington for lack of personal jurisdiction and vacated our dismissal under *Colorado River*. *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7 (1st Cir.1990). The Circuit court emphasized that we had failed to apply the proper standard under *Colorado River* and therefore it remanded the case to this court for reconsideration. The First Circuit stated:

> Although we could ourselves now weigh the factors considered by the district court, [citations omitted], we prefer instead to give the district court the opportunity to conduct the proper balancing in the first instance. This appears to be a close case, and the district court may be privy to relevant facts that do not appear in the appellate record because that court previously saw no need to relate them.

## II. ANALYSIS

### A. Application of the *Colorado River* Doctrine

In *Colorado River*, the Supreme Court held that a federal court may surrender its jurisdiction in deference to a parallel state

---

1. Hatteras International is a division of Genmar Industries. Herbert L. Pocklington is the president of Hatteras International. Hatteras Yachts is the former name of the contracting party with Villa Marina. Eduardo Ferrer is the president and sole stockholder of plaintiffs Villa Marina Yacht Sales, Inc., Villa Marina Yacht Harbour, Inc., and San Juan Bay Marina, Inc.

2. In particular, Hatteras refers to the alleged fraudulent endorsement by Villa Marina of a check written by Arturo Barreiro for a 65' Hatteras vessel.

3. The Complaint can be summarized as follows: Counts I and II allege that Hatteras violated Law 75 and breached the agreement with Villa Marina. Count III alleges that Pocklington induced Hatteras to breach its contract and that Hatteras and Pocklington induced another manufacturer of yachts, Bertram Yacht ("Bertram"), to breach dealership contract with Villa Marina. Count IV alleges that the actions of Hatteras and Pocklington were wrongful and have resulted in the loss of prospective business advantages to Villa Marina.

proceedings only in exceptional circumstances. The *Colorado River* principles are based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). Federal courts have an "unflagging obligation" to exercise the jurisdiction conferred upon them and "[o]nly the clearest of justifications will warrant dismissal." 424 U.S. at 817–19, 96 S.Ct. at 1246–47.

■ In *Colorado River*, the Court set forth a list of four factors to be weighed in determining whether "exceptional circumstances" exist: (1) whether the state or the federal court had assumed jurisdiction over the *res;* (2) the hardship of litigating in the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the respective forums obtained jurisdiction. In *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court added two additional factors to the *Colorado River* doctrine: (1) whether federal law governs and (2) the adequacy of the state court's proceeding to protect the moving parties' rights. The Court emphasized that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case ..." 460 U.S. at 16, 103 S.Ct. at 937.

The first two factors of *Colorado River* are not important here. There is no property to assert *in rem* jurisdiction in this case and the federal court is no more inconvenient than the Superior Court since both courts are in San Juan and its vicinities. Nevertheless, since the *Colorado River* test requires that the balance be "heavily weighted" in favor of the exercise of jurisdiction, these two factors cut against dismissal.

The third factor, the desirability of avoiding piecemeal litigation, counsels in favor of dismissal. However, the First Circuit analysis in *Villa Marina* discounted the importance of this factor in the instant case. *Compare La Duke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1560 (7th Cir.1989). We note, however, that although the potential for conflicting adjudication is not great here, the record reveals a related problem if we exercised jurisdiction over Villa Marina's federal action; both parties have attempted to stall the proceedings in the forum that they found most likely to rule in its favor. *See La Duke*, 879 F.2d at 1560.

Another factor which weighs in favor of dismissal is the order in which the courts obtained jurisdiction. The substantial development of the Superior Court action contrasts with the absence of any material progress in this case. A hearing on an injunction to prevent plaintiff Villa Marina from representing defendant Hatteras at the Miami boat show was held on February 10, 13, and 14, 1989. It produced a transcript of three volumes, including the testimony of Ferrer, Pocklington, Rivera Fullana and Barreiro. As defendants point out, under Rule 57.1(b) of Puerto Rico's Rules of Civil Procedure, the evidence admitted by the Superior Court during this hearing is part of the record for trial. A pretrial report has been filed and ten (10) depositions have been completed. A trial on the merits was scheduled for February 4. Although the Puerto Rico Supreme Court recently stayed the proceedings, it did so, only while Hatteras showed cause as to why discovery in the Superior Court action should not be extended for sixty additional days. In the instant case, Hatteras has not answered the complaint and discovery has been limited to the service of interrogatories and certain requests for production of documents. Three depositions have been commenced, but only one is complete.

A related consideration favoring dismissal is the removal policy under 28 U.S.C. § 1441. *See American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d 1253, 1260–61 (9th Cir.1988). Villa Marina first brought this suit in the Superior Court and when it was denied injunctive relief, it moved for voluntary dismissal of the claims

against Pocklington to initiate this federal action. Under Section 1441, the right to remove a state court case to federal court is limited to defendants.[4] We find that the removal policy is entitled to some weight in the *Colorado River* context. To allow Villa Marina to proceed here is tantamount to removal because it would have the effect of allowing a plaintiff, who initiates an action in state court action, to remove it to federal court when he feels that events in the state court have taken an unfavorable turn. In cases like this one, a plaintiff should not be allowed to circumvent the policy of Section 1441 which "reflect[s] a Congressional intent that a plaintiff should not be permitted to alter the forum that it selects to litigate its claim against a particular defendant." 843 F.2d at 1261. This is exactly what Villa Marina is trying to accomplish by bringing this suit.

A more critical consideration weighing against the retention of jurisdiction is Villa Marina's motivation in filing this suit. The First Circuit has emphasized that the significance of the order in which the forums obtained jurisdiction "must be examined in light of the motivation of the plaintiff in filing the second suit." *Gonzalez v. Cruz,* 926 F.2d 1, 4 (1st Cir.1991). Villa Marina alleges that it brought suit here because of the availability of jury trial; the termination of the Bertram Yacht distributorship agreement; the right to choose counsel to handle both the Hatteras case and the Bertram case; and the right to appeal as a matter of right. In short, Villa Marina urges us to find that its motivation in bringing this action was not reactive or vexatious.

A careful evaluation of the evidence in the record, however, indicates just the opposite, that is, Villa Marina came to federal court in reaction to its failure to obtain a preliminary injunction in the Superior Court. The instant action was filed only after the Superior Court denied Villa Marina's request to remain as a Hatteras dealer

during the litigation. And the record further shows that this suit is vexatious. Two weeks after we entered judgement dismissing this action under *Colorado River,* Eduardo Ferrer, president of Villa Marina, brought a second suit in federal court against the president of Hatteras, Pocklington, alleging substantially the same claims as those filed by Villa Marina before this court. The court in the second federal action found that plaintiff Ferrer was not the real party in interest and thus dismissed the action. The court noted that Ferrer's suit represented the fourth action filed by Villa Marina for essentially the same claims and, therefore, it stated:

> Ferrer cannot disregard the existence of Villa Marina when it is expedient to do so in order to circumvent a previous dismissal of this Court under *Colorado River.* This amounts to nothing less than forum shopping and oversteps the bounds of reasonableness to the point of vexation. Moreover, these claims had been previously filed by Villa Marina and dismissed by this Court [under *Colorado River*], and the judgment was pending appeal at the time the instant action was filed.

*Ferrer v. Pocklington,* No. 90–1311, op. at 7–8 (D.P.R. Jan. 28, 1991) (footnote omitted). Since Ferrer's suit was filed for an improper purpose, the court imposed sanctions in the amount of $5,000.00 under 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure against Ferrer and his attorneys.[5]

Furthermore, the fact that state law governs is significant here. *Moses H. Cone,* 460 U.S. at 25–26, 103 S.Ct. at 941–42 (presence of federal law issues is a major factor weighing against the surrender of federal jurisdiction). Villa Marina's claims are rooted in violations of Law 75 and Article 1802. Although the issues arising under Law 75 appear to be "garden variety", the issues of law under Article 1802 of the Civil Code involve a fairly novel issue, namely,

---

4. Section 1441 states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States...." 28 U.S.C. § 1441(a).

5. Ferrer and his attorneys have filed a motion to vacate this decision.

whether a claim exists under Article 1802 for tortious interference with prospective business advantage. *See* Complaint, Count IV, at 22–23. Indeed, this court referred by certification to the Supreme Court of Puerto Rico a similar question: whether a claim exists under Article 1802 for tortious interference with a contractual relation. *See General Office Products Corp. v. A.M. Capen's Sons, Inc.,* 780 F.2d 1077, 1079 (1st Cir.1986). Although it is settled that "the mere difficulty of state law does not justify a federal court's relinquishment of jurisdiction in favor of state court action," *Louisiana Power & Light Co. v. Thibodaux,* 360 U.S. 25, 27, 79 S.Ct. 1070, 1072, 3 L.Ed.2d 1058 (1959), we find that the specific issue raised by plaintiff's theory is sufficiently novel to qualify as a "rare circumstance", which favors dismissal. 460 U.S. at 26, 103 S.Ct. at 942.

The final factor weighing in favor of dismissal is the adequacy of the Commonwealth courts to protect the parties rights. San Juan Bay Marina and Pocklington, the only parties not before the Superior Court, could be joined under Rule 17 of Puerto Rico's Rules of Civil Procedure ("PRRCP"). The issues relating to Hatteras and Pocklington alleged tortious interference with Bertram's contract are linked to the suit before the Superior Court and as such could be joined under Rule 14 of PRRCP. Indeed, Villa Marina does not deny the linkage between the Hatteras claims and the Bertram claim. (*See* DKT. # 72, Plaintiff's Response to Hatteras' Brief Requesting Dismissal Under Colorado River, at 11).

*Colorado River's* underlying principles—which "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'", 424 U.S. at 817, 96 S.Ct. at 1246 (quotation omitted)—are present here; both actions derive from the same business transaction, involve substantially the same parties and substantially the same causes of action.

As to Villa Marina's contention that the Superior Court and this action are different, we note that the *Colorado River* doctrine requires parallel suits, not identical suits.[6] *See, e.g., Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir.1988) ("The addition of the federal defendants in the federal suit by itself does not destroy the parallel nature of the cases.").

## III. CONCLUSION

While under *Colorado River's* "exceptional circumstances" test a strong presumption in favor of the exercise of jurisdiction exists, we find that the following exceptional circumstances warrant dismissal in deference to the concurrent Superior Court proceeding. First, the vexatious and reactive nature of this federal litigation is shown by the fact that Villa Marina filed the federal suit only after the Commonwealth Court rejected its application for a preliminary injunction and the fact that two weeks after we had dismissed this case, plaintiff's president, Ferrer, brought essentially the same claim in a *second* federal action. *See Moses H. Cone Hospital,* 460 U.S. at 17–18 n. 20, 103 S.Ct. at 937–38 n. 20. Second, whether a claim under Article 1802 for tortious interference with prospective business advantage exists is a sufficiently novel question of law to qualify as a "rare circumstance" weighing against the exercise of jurisdiction. *Moses H. Cone Hospital,* 460 U.S. at 25–26, 103 S.Ct. at 941–42. Third, the continuance of this suit would have the effect of defeating the removal policy of 28 U.S.C. § 1441. Fourth, the Commonwealth action, although instituted shortly before the federal suit is far more advanced since it has involved more substantial proceedings, including hearings and two interlocutory orders granting or denying temporary relief. *Telesco v. Telesco Fuel and Masons' Materials, Inc.,* 765 F.2d 356, 359–60 (2nd Cir.1985).

---

**6.** A parallel suit has been defined as the simultaneous prosecution of two or more suits where "at least some of the issues and parties are so closely related that the judgment of one will have res judicata effect on the other." Comment, *Federal Court Stays and Dismissals in Deference to Parallel State Court Proceedings: The Impact of Colorado River,* 44 U.Chi.L.Rev. 641, 641 n. 1 (1977).

For the foregoing reasons, we find "exceptional circumstances" present in this case that overcome the heavy presumption in favor of federal jurisdiction. The complaint is hereby DISMISSED.

SO ORDERED.