952 F.2d 1120
 21 Fed.R.Serv.3d 720
 MGIC INDEMNITY CORPORATION, Plaintiff
and
McKenna, Conner & Cuneo, formerly counsel of record to
plaintiff MGIC Indemnity Corporation, Appellant,
v.
Curtis Donald MOORE, Defendant,
and
Karen L. Simpson, Defendant-Appellee.
 No. 89-55713.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1991.
Decided Dec. 27, 1991.
 
 Peter J. Sullivan, Marina Del Rey, Cal., for plaintiff.
 A. Howard Matz, Bird, Marella, Boxer, Wolpert & Matz, Los Angeles, Cal., for appellants.
 Mark L. Edwards, Lawrence E. Heller, Turner, Gerstenfeld, Wilk, Tigerman & Heller, Beverly Hills, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 McKenna, Conner & Cuneo (McKenna), counsel for MGIC Indemnity Corporation (MGIC), appeals the district court's order imposing sanctions against MGIC under Fed.R.Civ.P. 11 and against itself under both Rule 11 and 28 U.S.C. § 1927 for not dismissing defendant Karen L. Simpson from a complex insurance lawsuit[1] just prior to trial. We have jurisdiction. 28 U.S.C. § 1291. Because the district court abused its discretion, we reverse.
 
 
 2
 * Larry D. Mikelson and John D. Butterfield were the owners and principal executives of Capital Accumulation Systems and CAS Financial Services, Inc. (collectively CAS), a business enterprise that packaged second trust deed loans secured by real estate in California. CAS delivered completed loan packages, including mortgage guaranty insurance from MGIC, to Sko-Fed Mortgage Corporation, which then funded the loans, retained the servicing and sold the loans to First Federal Savings and Loan. Simpson, who was employed by CAS, ensured that loan packages complied with MGIC's requirements.
 
 
 3
 Gerald E. Thompson, dba One Stop Financing, in concert with purported borrower Curtis D. Moore, presented CAS with the fraudulent loan package undergirding the insurance case. Mikelson first met Thompson approximately one month before the Moore loan funded. Mikelson outlined general loan availability parameters and indicated CAS would pay a finder's fee for any loans Thompson submitted that were ultimately funded. About a week later Thompson submitted the fraudulent loan package. Simpson processed the loan package for CAS, including sending a verification of employment to Moore's employer and requesting certain additional documentation from Thompson. MGIC eventually committed to provide $198,700 of second trust deed insurance coverage on the loan. Sko-Fed made a claim against MGIC under the policy as CAS's assignee following Moore's one-payment default. MGIC paid Sko-Fed $254,754.49. MGIC then brought an action against CAS, Mikelson and Simpson, among others, seeking $181,105.89, its net loss after disposing of the real estate security.
 
 
 4
 In our memorandum disposition of the merits, No. 89-55709, we affirmed the district court's judgment dismissing all of MGIC's claims. Thompson and Moore perpetrated their fraud against MGIC as independent actors. We rejected MGIC's claims against CAS and its employees for breach of statutory duty, fraud, negligent misrepresentation and breach of contract.
 
 
 5
 Reaching a similar conclusion, the district court imposed sanctions of $7,500 against McKenna and MGIC for forcing Simpson to sit through three plus weeks of trial. The district court felt that McKenna and MGIC should have "throw[n] in the towel" at some point in time, when it became "abundantly clear" that there was no evidence of Simpson's fraudulent intent. The district court made no specific finding of bad faith, but did characterize Simpson's trial as "an abuse of this system."
 
 
 6
 The court offered no explanation why McKenna and MGIC should have realized that the suit against Simpson had no content. It did not explain the distinction between the cases against Simpson and the other defendants that made proceeding with Simpson's case bad faith. The district court denied Simpson's motions for summary judgment on June 10, 1985 and June 30, 1987, and it declined to rule on her motion for dismissal following plaintiff's case on August 6, 1987.
 
 II
 
 7
 Rule 11 provides sanctions for signing an unfounded pleading, motion or other paper. See Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986). It applies only to the initial signing and imposes no continuing duty on the signer. Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir.1988), cert. denied, 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990). It does not provide sanctions for failing to prepare and sign a document. United Energy Owners Comm. v. United States Energy Mgm't Systems, 837 F.2d 356, 364-65 (9th Cir.1988).
 
 
 8
 The district court found that MGIC and McKenna justifiably included Simpson as a defendant in the original complaint. Neither MGIC, McKenna nor any of its members signed any pleading, motion or other paper in violation of Rule 11. The district court committed a legal error when it ordered Rule 11 sanctions despite the lack of an unfounded pleading, motion or other paper. We reverse the district court's Rule 11 sanctions award as an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 2459, 110 L.Ed.2d 359 (1990).
 
 III
 
 9
 Before addressing the district court's § 1927 sanctions award, we note that in Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), the Supreme Court held that Rule 11 provides for sanctions only against an individual attorney. The Court observed, however, that "[i]n other contexts the phrase 'the person who signed it' might bear the somewhat technical legal meaning of the natural or juridical person in whose name or on whose behalf the paper was signed." Id. at 458. Because we hold, infra Part IV, that the district court abused its discretion when it imposed § 1927 sanctions, we express no opinion whether § 1927 provides for sanctions only against an individual attorney.
 
 IV
 
 10
 Section 1927 provides the mechanism for sanctioning conduct that occurs after commencing a case. Cunningham, 879 F.2d at 490. It provides sanctions for unreasonably and vexatiously multiplying proceedings and requires a finding of bad faith. Estate of Blas, 792 F.2d at 860. In some § 1927 cases we have examined the record when the district court's sanction order did not contain an explicit finding of bad faith. See, e.g., West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir.1990); New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir.1989). We assess an attorney's bad faith under a subjective standard. Knowing or reckless conduct meets this standard. New Alaska, 869 F.2d at 1306. We review all aspects of an award of § 1927 sanctions for abuse of discretion. West Coast, 897 F.2d at 1526.[2]
 
 
 11
 The district court made no specific finding of bad faith. Although it characterized Simpson's trial as "an abuse of this system" and felt that McKenna should have realized its suit against Simpson had no content by the time of immediate trial preparation, such observations are as consistent with negligence as with bad faith. The district court did not explain why it felt that MGIC's case against Simpson was so much weaker than its cases against the other defendants that it constituted bad faith for McKenna to proceed. The district court declined three times to excuse Simpson from the case, and recognized its own role in requiring Simpson to mount a trial defense. We see no evidence of bad faith upon which the district court could have rationally based its decision, and we therefore conclude that it committed a clear error of judgment when it imposed § 1927 sanctions on McKenna. See United States v. Schlette, 842 F.2d 1574, 1577 (9th Cir.), modified on other grounds, 854 F.2d 359 (9th Cir.1988). We reverse the district court's § 1927 sanctions award as an abuse of discretion.
 
 V
 
 12
 The district court's $7,500 sanctions award is REVERSED.
 
 
 
 [1]
 We address the merits of the insurance case in a separate memorandum disposition, 951 F.2d 361 (9th Cir.1991)
 
 
 [2]
 The Supreme Court rejected the three-tiered Rule 11 analysis we adopted in Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 & n. 4 (9th Cir.1986). Cooter & Gell, 110 S.Ct. at 2457-61. We noted in West Coast that our standard of review for § 1927 sanctions differed from our three-tiered Rule 11 standard. 897 F.2d at 1526