**Eduardo Ferrer BOLIVAR,**
**Plaintiff, Appellant,**

v.

**Herbert L. POCKLINGTON,**
**Defendant, Appellee.**

**No. 91–1657.**

United States Court of Appeals,
First Circuit.

Heard March 4, 1992.
Decided Sept. 21, 1992.

Michael J. Rovell with whom Lisa I. Fair, Robert E. Bull and Law Offices of Michael J. Rovell were on brief, for plaintiff, appellant.

Rossell Barrios–Amy with whom Jaime E. Toro–Monserrate and McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz–Suria were on brief, for defendant, appellee.

Before SELYA, Circuit Judge, FEINBERG,[*] Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Shortly after appellant Eduardo Ferrer Bolivar ("Ferrer") instituted the present action against appellee Herbert Pocklington in March 1990, Pocklington moved to dismiss the complaint, and for the imposition of sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927.[1] Ferrer responded with a timely notice of voluntary dismissal under Fed.R.Civ.P. 41(a)(1)(i).[2] After the district court, on November 1, had endorsed "Granted and so ordered" on the notice of dismissal, Pocklington interposed opposition to a dismissal "without prejudice" and renewed his request for sanctions under section 1927. The judgment purportedly dismissing the case "without prejudice" was entered in the district court docket on November 20.

On December 19, Pocklington filed an unlabelled motion requesting that the action be dismissed "with prejudice," pursuant to the "two-dismissal" rule, *see supra* note 2, once again renewing the request for sanctions under section 1927. In its January 28, 1991 opinion and order, the district court: (1) treated the unlabelled motion as one for relief from judgment, based on "mistake, inadvertence, surprise, or excusable neglect," under Fed.R.Civ.P. 60(b)(1); (2) opined that the action should have been dismissed "with prejudice"; (3) directed that the judgment entered November 20 be vacated; and (4) imposed sanctions on Ferrer and his attorneys [collectively: "appel-

---

[*] Of the Second Circuit, sitting by designation.

1. The Pocklington motion was founded on Fed. R.Civ.P. 41(a)(1)(i), *see infra* note 2, the so-called "two-dismissal" rule, as the claims Ferrer asserted against Pocklington in the present action were essentially the same as those voluntarily dismissed in an earlier Puerto Rico Superior Court action brought by Ferrer and two corporate entities entirely owned and controlled by Ferrer. Moreover, the same two corporate entities, along with a third corporation likewise controlled by Ferrer, previously had filed a federal court action asserting the same claims against several companies controlled by Pocklington. The latter action was twice ordered dismissed by the federal district court on abstention grounds. *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7 (1st Cir.1990) [hereinafter: "*Villa Marina I*"], *on remand*, 762 F.Supp. 1007 (D.P.R.), *aff'd*, 947 F.2d 529 (1st Cir.1991); *see also infra* note 8. The present

action was filed two weeks after the first district court dismissal.

2. The notice purportedly dismissed the present action "without prejudice." Rule 41(a)(1)(i) states, however, in pertinent part:

> **Rule 41. Dismissal of Actions**
> **(a) Voluntary Dismissal: Effect Thereof.**
> **(1) *By Plaintiff; by Stipulation*....** [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.... *[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.*
> Fed.R.Civ.P. 41(a)(1) (emphasis added).

lants"] under Fed.R.Civ.P. 11 and section 1927. *Ferrer Bolivar v. Pocklington,* 137 F.R.D. 202, 204–06 (D.P.R.1991). On February 11, 1991, Ferrer filed a motion to vacate the January 28 order, which the district court denied. Ferrer appealed.[3]

### A. *Dismissal*

■ At the root of the problem is whether the district court had jurisdiction to impose sanctions against appellants following the entry of judgment on November 20 dismissing the case "without prejudice." Although the parties have concentrated their attention on the timeliness of Pocklington's unlabelled December 19 request that the action be dismissed "with preju-

dice,"[4] we conclude that the Opinion and Order of January 28 neither altered the judgment entered on November 20 dismissing the case "without prejudice," nor effected a dismissal of the action "with prejudice."[5] The only directive in the Opinion and Order of January 28 which was duly entered in the docket on January 30, 1991, ordered Ferrer and his attorneys, jointly and severally, to pay Pocklington $5,000 in attorney fees as a sanction for their Rule 11 and section 1927 transgressions.[6] We turn then to the only two questions now before us: (1) whether the notice of dismissal "without prejudice" deprived the district court of jurisdiction to impose sanc-

---

3. The initial notice of appeal did not designate the appellant-attorneys, Michael J. Rovell, Carlos G. Latimer, and Gerardo A. Carlo, as parties to the appeal. After we remanded for the entry of final judgment pursuant to Fed.R.Civ.P. 54(a) and 58, *see Fiore v. Washington County Community Mental Health Ctr.,* 960 F.2d 229 (1st Cir. 1992) (en banc), appellant-attorneys, as well as Ferrer, filed a timely notice of appeal from the final judgment entered on April 7, 1992.

4. Coming as it did more than ten days after judgment was entered by the clerk on November 20, the December 19 motion was not timely under Rule 59(e). *See* Fed.R.Civ.P. 59(e) ("A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."). Accordingly, appellants insist that the district court was without jurisdiction to reconsider the judgment entered on November 20.

5. In its "OPINION AND ORDER" of January 28, the district court ruled that Ferrer's notice of voluntary dismissal represented his second voluntary dismissal of an action including the same claims against Pocklington. *Ferrer Bolivar,* 137 F.R.D. at 203–04. The court concluded therefore that, even though the notice of dismissal purported to dismiss the action "without prejudice," it nonetheless operated as an adjudication upon the merits under the "two-dismissal" rule in Fed.R.Civ.P. 41(a)(1). *Id.* at 204. *See supra* note 2. Nevertheless, the January 28 opinion and order did not effect a dismissal of the action "with prejudice" or vacate the judgment of dismissal "without prejudice" entered on November 20. First, the "separate document" requirement was not met. *See* Fed. R.Civ.P. 58 ("Every judgment shall be set forth on a separate document. *A judgment is effective only when so set forth and when entered* as provided in Rule 79(a).") (emphasis added); *see also Fiore,* 960 F.2d at 237. Although the district court order entered on remand was a "separate document," it did not take effect until

April 7, 1992, the date of its entry, as plainly provided in Fed.R.Civ.P. 58 and 79(a). Second, the January 30 docket entry omitted any mention of an order vacating or altering the November 20 judgment, or dismissing the action "with prejudice." *See* Fed.R.Civ.P. 79(a) ("civil docket" entries "shall be brief but *shall show the . . . substance of each order or judgment* of the court. . . .") (emphasis added). The January 30 docket entry, however, reads:

> OPINION/ORDER (PG) Directing pltf and pltf's attys to jointly and severally pay the amt of $5,000.00 as reasonable atty's fees, which shall be payable within 30 days of the filing of this order. sc/pts (EOD 1–30–91)

Nevertheless, in light of the "two-dismissal" rule, *see* Fed.R.Civ.P. 41(a)(1), it is irrelevant whether the district court had jurisdiction to alter the November 20 judgment. Accordingly, the ministerial entry on the district court docket directing dismissal of the action "with prejudice" pursuant to the January 28 opinion and order is all that remains to be done.

6. We reject appellants' suggestion that the district court previously had declined to impose sanctions. Its November 1, 1990, endorsement on the notice of dismissal purported to do no more than dismiss the case "without prejudice." As the notice of dismissal said nothing about sanctions, the court's endorsement on the motion did no more. Similarly, the January 28 opinion and order in no way linked the November endorsement with the decision to impose sanctions. *See Ferrer Bolivar,* 137 F.R.D. at 204, 205 (noting that the November 20 entry of judgment was *unnecessary* and that the dismissal did not deprive the court of jurisdiction over the motion for sanctions). *See also Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990) (Imposition of rule 11 sanctions following voluntary dismissal "does not deprive the plaintiff of his right . . . to dismiss an action without prejudice.").

tions, and (2) whether the determination to impose sanctions constituted an abuse of discretion.

### B. *Sanctions*

#### 1. Jurisdiction

█ The Supreme Court definitively answered the first question in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393–98, 110 S.Ct. 2447, 2454–56, 110 L.Ed.2d 359 (1990), which held that a voluntary dismissal under Rule 41(a)(1)(i) does not divest the district court of jurisdiction to impose sanctions under Rule 11. *See also Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 603–04 (1st Cir.1988) (Rule 41(a)(1)(ii) dismissal). Moreover, as between the imposition of section 1927 sanctions and Rule 11 sanctions, we see no warrant for drawing the jurisdictional distinction urged by appellants, particularly since the initial motion for sanctions was presented in timely fashion. *See id.* at 604 (Rule 11 sanctions should be filed "within a reasonable time" after voluntary dismissal).

The pendency of a motion for section 1927 sanctions likewise presents a "collateral issue" appropriate for resolution once the court has addressed the merits. *See Cooter & Gell*, 496 U.S. at 395, 110 S.Ct. at 2455 ("It is well established that a federal court may consider collateral issues after an action is no longer pending."); *id.* at 396, 110 S.Ct. at 2456 (Imposition of Rule 11 sanctions "requires the determination of a collateral issue: *whether the attorney has abused the judicial process*, and, if so, what sanction would be appropriate.") (emphasis added). In our view, the notice of voluntary dismissal could no more deprive the district court of jurisdiction to determine and sanction an "unreasonabl[e]" and "vexatious[ ]" multiplication of proceedings under 28 U.S.C. § 1927 than it could "eliminate [a] rule 11 violation." *Cooter & Gell*, 496 U.S. at 398, 110 S.Ct. at 2457; *see Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1079 (7th Cir.1987) ("The obligation to answer for one's act accompanies the act; a lawyer cannot absolve himself of responsibility by dismissing his client's suit.") (Rule 11); *see also Muthig*, 838 F.2d at 604 (expressing agreement with Seventh Circuit rule in *Szabo* ). The notice of voluntary dismissal notwithstanding, the district court possessed the requisite jurisdiction to impose sanctions under Rule 11 and section 1927.

#### 2. Merits

█ The determination to impose sanctions, whether under Rule 11 or section 1927, is reviewed for abuse of discretion.[7] *Cooter & Gell*, 496 U.S. at 399–405, 110 S.Ct. at 2457–61 (Rule 11); *Navarro–Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir.1992) (Rule 11); *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir.1990) (section 1927) (citing cases). There was no abuse of discretion in the present case.

Ferrer was the president and sole shareholder of the corporate entities [collectively: "Villa Marina"] which initiated a diversity suit against Pocklington in the United States District Court for the District of Puerto Rico in May 1989, alleging violations of the Puerto Rico Dealer's Act, breach of an exclusive dealer contract, and tortious interference with contract rights and with prospective business advantage. On February 14, 1990, the district court (Gierbolini, J.) dismissed the Villa Marina action under the *Colorado River* doctrine, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), in light of the pendency of another action between the same parties in the Puerto Rico Superior Court.

Shortly after the first dismissal of the Villa Marina action, *see supra* note 1, the present action was brought by Ferrer, in his individual capacity, based on the same claims asserted in the Villa Marina complaint dismissed by Judge Gierbolini. The civil cover sheet accompanying the Ferrer complaint neglected to note the pendency of the Villa Marina action, which remained on the district court docket pending Villa Marina's appeal from the *Colorado River* dismissal order. *See supra* note 1. As a

---

7. The amount of the $5,000 fee assessment is not challenged.

reasonably foreseeable consequence, the present action was not assigned to Judge Gierbolini, but to Chief Judge Perez–Gimenez, who later became informed of the circumstances surrounding the filing of the Ferrer complaint.

#### a. *Rule 11 Sanctions*

■ The district court (Perez–Gimenez, C.J.) found, *inter alia*, that the complaint asserted causes of action belonging to Villa Marina, to which Ferrer had no individual right. *Ferrer Bolivar*, 137 F.R.D. at 205. The court concluded that Ferrer's attorneys "should have known that filing this action was not justified by existing law and that it unnecessarily multiplied proceedings...." [8] Characterizing Ferrer's filing of the present action as "forum shopping," the district court appropriately observed that "Ferrer cannot disregard the existence of Villa Marina when it is expedient to do so in order to circumvent a previous dismissal...." *Id.* at 205, 206 (Ferrer "overstep[ped] the bounds of reasonableness to the point of vexation."). The court accordingly determined that sanctions were appropriate under Rule 11 and section 1927.

Although appellants insist that the Ferrer complaint was warranted by existing law and in accord with the dictates of Rule 11, there is no substance to their plea.

Appellants do not challenge the legal conclusion that Ferrer, as sole shareholder, had no legal right to ignore the Villa Marina corporate entities. *See In re Dein Host, Inc.*, 835 F.2d 402, 405–06 (1st Cir.1987) ("Even a sole shareholder acquires no personal cause of action because of an injury ... to the corporation."). Nor do appellants represent that it would have been objectively reasonable for Ferrer to file a complaint, in his individual capacity, demanding redress for any injury sustained by the Villa Marina corporate entities. *See Lancellotti v. Fay*, 909 F.2d 15, 17–19 (1st Cir.1990) (Rule 11 contemplates a judicial assessment of the objective reasonableness of the signatory's inquiry into law and facts). Rather, appellants argue that various allegations in the complaint suggest "that [Pocklington's] wrongful conduct was directed toward [Ferrer]." [9] Although the complaint includes references to harm sustained by Ferrer, all stem from his status as Villa Marina's sole shareholder, as the complaint itself makes patently clear.[10] All three causes of action in the complaint belonged to Villa Marina. The district court therefore rightly recognized the instant action as an attempt to appropriate to Ferrer's own use causes of action belonging to the Villa Marina corporate entities.[11]

---

8. Not only are all three claims asserted in the Ferrer complaint identical to the three nonstatutory claims asserted in the Villa Marina complaint, but the Ferrer complaint parrots the Villa Marina complaint almost verbatim. Except for minor wording changes, the drafters of the Ferrer complaint did little more than change the parties' names. For example, whereas the Villa Marina complaint alleges that "Villa Marina has suffered actual damages in that it has been prevented from promoting Hatteras products" (¶ 43, breach of contract claim), the Ferrer complaint alleges that "Ferrer has suffered actual damages because he has been prevented from promoting Hatteras products" (¶ 34, breach of contract claim).

9. Counsel represented at oral argument that appellants believed in good faith that Ferrer had standing to bring these claims. Bad faith is "not a *sine qua non* to a Rule 11 impost." *Lancellotti*, 909 F.2d at 19. As *Lancellotti* explained, sanctions are appropriate if the standard of objective reasonableness has not been met. *Id.* at 18–19. *See also infra* part B.2.b.

10. The complaint asserts three causes of action: Count I, ¶ 35 (breach of contract) ("Since Ferrer is the sole shareholder of Villa Marina, he is the one who suffers these damages."); Count II, ¶ 53 (tortious interference with contract) ("As the sole shareholder of Villa Marina, Ferrer suffered the actual harm."); Count III, ¶ 60 (tortious interference with prospective business advantage) ("Since Ferrer is the sole shareholder of Villa Marina, he suffered the economic harm caused by the actions of Pocklington.").

11. Appellants' other arguments in opposition to Rule 11 sanctions warrant little discussion. Pointing out that Pocklington's second and third motions for sanctions did not invoke Rule 11, Ferrer contends that Pocklington tacitly conceded that Rule 11 sanctions were inappropriate. We note, however, not only that Pocklington's first motion (yet pending on January 28, 1991) invoked Rule 11, but that the district court, "*upon its own initiative, shall impose* ... an appropriate [Rule 11] sanction...." Fed. R.Civ.P. 11 (emphasis added).

Affidavits filed by the appellant-attorneys in support of the so-called Rule 59(e) motion attest

Since there was no objectively reasonable inquiry into whether the complaint was warranted under existing law, *see Lancellotti*, 909 F.2d at 19, the district court did not abuse its discretion in imposing Rule 11 sanctions against Ferrer and appellant-attorney Gerardo A. Carlo.[12]

### b. *Section 1927 Sanctions*

■ The appellant-attorneys assert no sound basis for concluding that the district court abused its discretion in determining their conduct "unreasonable" and "vexatious" within the meaning of 28 U.S.C. § 1927.[13] Their argument that Ferrer was the real party in interest in the lawsuit is frivolous and irrelevant. Moreover, the record plainly demonstrates that their conduct was not due to "mere negligence, inadvertence, or incompetence." *Cruz*, 896 F.2d at 632 (defining behavior not amounting to "vexatious" conduct under section 1927).[14] First, on its face, the complaint exhibits blatant disregard for a basic legal principle: a sole shareholder cannot commandeer corporation assets by discarding the corporate veil at his convenience. *See Alford v. Frontier Enters., Inc.*, 599 F.2d 483, 484 (1st Cir.1979) (shareholder may not "use the corporate form both as a shield and sword at his will"). Second, the timing of events indicates that initiation of the present action was spurred by a bald attempt to circumvent the initial order (per Gierbolini, J.) dismissing the Villa Marina action.[15] Third, the district court support-

---

that Chief Judge Perez–Gimenez stated at a status conference that sanctions would not be imposed in light of *Villa Marina I*, which reversed the initial *Colorado River* dismissal order. *See supra* note 1. Appellants conveniently disregard the context in which these remarks were made. The status conference minutes reflect: "After listening to the parties the Court states that he believes this case should be consolidated with [the *Villa Marina* case] which is assigned to Hon. Gilberto Gierbolini. The parties will file a motion to consolidate which will be referred to Judge Gierbolini." Furthermore, even the attorneys' affidavits attest to the fact that the court had indicated its preparedness to dismiss the present action and impose sanctions *prior to* the decision in *Villa Marina I*.

Finally, appellants advance two new contentions on appeal in their effort to stave off Rule 11 sanctions. Both are utterly without merit. First, we flatly reject appellants' suggestion that Judge Gierbolini's unrelated reference to Ferrer's absence as a named party to the first federal court action somehow invited the second federal action, which was unjustifiably based on twice-dismissed causes of action belonging to the Villa Marina corporate entities. Second, appellants frivolously and irrelevantly assert that *Pocklington's employer*, Hatteras Yachts, Inc., "did not claim in the [Puerto Rico *Superior Court*] action that Ferrer lacked standing." (Emphasis added.)

12. Appellant Carlo is the only attorney who signed the Ferrer complaint. Appellants correctly point out that Rule 11 sanctions cannot be imposed against counsel who have not signed the offending document. The Rule 11 sanctions are enforceable against Ferrer, however, by virtue of the fact that he signed the verified complaint. *See Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, — U.S. —, —–––—, 111 S.Ct. 922, 928–33, 112 L.Ed.2d 1140 (1991); *Navarro–Ayala*, 968 F.2d at 1425.

13. Section 1927, in its entirety, provides:

> **§ 1927. Counsel's liability for excessive costs**
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies the proceedings in any case unreasonably and vexatiously* may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (1980) (emphasis added). Section 1927 would not empower the district court to impose sanctions on Ferrer in these circumstances, as it provides for sanctions only against "[a]ny attorney or other person *admitted to conduct cases*." *See United States v. International Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (§ 1927 sanctions cannot be imposed on client).

14. As explained in *Cruz*, even though counsel's objectively unreasonable conduct must amount to more than mere negligence, bad faith is not a necessary predicate for the imposition of § 1927 sanctions. *Cruz*, 896 F.2d at 631–32. *Cf. Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir.1992) (bad faith required under § 1927, but standard includes an objective component which can be satisfied by showing "recklessness or indifference to the law"); *MGIC Indemnity Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991) (applying subjective bad faith standard which can be met by "[k]nowing or reckless conduct"); *see generally United States v. Wallace*, 964 F.2d 1214, 1218–19 (D.C.Cir.1992) (collecting § 1927 appellate cases).

15. It is noteworthy that all three appellant-attorneys appeared in behalf of Villa Marina in *Villa Marina I*. *See Villa Marina I*, 915 F.2d at 8. We further note their failure to enter the pending Villa Marina action, as a related case, on the

ably concluded that the Ferrer complaint "unnecessarily multiplied proceedings and increased the cost of litigation to [Pocklington]...." *Ferrer Bolivar*, 137 F.R.D. at 205.

Thus, viewed objectively, *see Cruz*, 896 F.2d at 632 (section 1927 inquiry is an objective one), the district court's characterization of the appellant-attorneys' conduct as "unreasonable and vexatious" is plainly supportable. *See id.* (conduct is " 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so"; sanctions are warranted where "an attorney acts *in disregard of* whether his conduct constitutes harassment or vexation....") (emphasis added); *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir.1988) (section 1927 sanctions warranted "where a 'claim [is] without a plausible legal or factual basis and lacking in justification.' *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir.1984) ... (emphasis added)."); *see also Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir.1991) (section 1927 provides for an award of fees and costs "associated with 'the persistent prosecution of a meritless claim.' ") (quoting *Thomas v. Capital Sec. Serv. Inc.*, 836 F.2d 866, 875 (5th Cir.1988) (en banc)); *cf. United States v. Nesglo, Inc.*, 744 F.2d 887, 891 (1st Cir.1984) (upholding section 1927 sanctions imposed for filing frivolous third-party complaint in bad faith and for engaging in post-filing misconduct).[16]

As the district court possessed the jurisdiction to determine the collateral issues raised by the Pocklington motion for sanctions pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927, and did so in the sound exercise of its discretion, the judgment must be affirmed.[17]

*The district court order is affirmed. The case is remanded for the formal amendment and entry of the final judgment imposing sanctions and dismissing the action, with prejudice.*

---

civil cover sheet filed with the present action. Their contention that the cover sheet instructions merely required that cases *pending* in the district court be noted, an argument not raised below, would be unavailing in any event even if their narrow interpretation of the term "pending" were to be accepted. *See* D. P.R.L.R. 302.-5(B) ("[I]f the party filing the initial pleading in a case believes that it is *related to a case already assigned, whether or not the case is then pending*, the title and number of such case shall be indicated.") (emphasis added). As a foreseeable consequence of the appellant-attorneys' omission, Chief Judge Perez–Gimenez was not informed of the related Villa Marina case until May, more than three months after the present action was filed. Their omission represented a " 'serious and studied disregard for the orderly process of justice.' " *Cruz*, 896 F.2d at 632 (quoting *United States v. Nesglo, Inc.*, 744 F.2d 887, 891 (1st Cir.1984)). Thus, scarce judicial resources were further strained, unnecessarily so, when counsel deprived the court of information which would have enabled it promptly to assign the case to the district judge (Gierbolini, J.) already intimately familiar with the related Villa Marina action. We cannot doubt that their omission "multiplie[d] the proceedings ... unreasonably and vexatiously...." 28 U.S.C. § 1927.

**16.** Except as noted, we need not discuss the numerous arguments asserted by appellants aimed at rebutting various grounds upon which Pocklington sought to support the motions for sanctions in the district court, but which were not relied on by the district court. We do note, however, in no uncertain terms, that *Villa Marina I*, which vacated the initial *Colorado River* dismissal, in no way justified the filing of the meritless complaint in the instant action.

**17.** In their last-ditch effort, appellants challenge the form of the district court judgment. Appellants argue that the order imposing sanctions does not "identify by name any lawyer [upon whom sanctions are imposed] which is a prerequisite to there being a final judgment." Reply Brief for appellants at 4. Although we construe the district court order as rather plainly imposing joint and several liability upon Ferrer and all appellant-attorneys in the sum of $5,000, payable within thirty days, we recognize that neither the January 28, 1991 order, nor the April 7, 1992 order entered on remand, contains the appropriate direction that Pocklington "recover of plaintiff Eduardo Ferrer Bolivar, and attorneys Michael J. Rovell, Carlos G. Latimer and Gerardo A. Carlo," jointly and severally, the sum of $5,000. *See* Official Form 32. We therefore remand for formal amendment of the judgment by the district court clerk in accordance herewith and in accordance with the above discussion. *See supra* note 5.