193 F.3d 1074 (9th Cir. 1999)
 COMMERCIAL SPACE MANAGEMENT COMPANY, INC., Plaintiff-Appellee,
v.
THE BOEING COMPANY, INC., incorporated under the laws of the State of Washington; ENERM, a corporation formed under the laws of the Soviet Russian Federation; BOEING COMMERCIAL SPACE CO. INC., a corporation formed under the laws of the State of Washington; UNITED STATES SEA LAUNCH COMPANY GP, L.L.C., a limited liability company formed under the laws of the State of Delaware; UNITED STATES SEA LP, a limited partnership formed under the laws of the State of Delaware; KVAERNER MARITIME A.S., a joint stock company formed under the laws of Norway, Defendants-Appellants.
 No. 97-56439
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted March 5, 1999
Submission Vacated March 9, 1999
Resubmitted September 27, 1999
Filed September 27, 1999 Pasadena, California
 
 Stuart N. Senator, Munger, Tolles & Olsen, Los Angeles, California, for the defendants-appellants.
 John A. Roberts and David Brennan (argued), Girardi & Keese, Los Angeles, California, for the plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California; James M. Ideman, District Judge, Presiding.
 Before: Harry Pregerson and Pamela Ann Rymer, Circuit Judges, and Charles R. Breyer, District Judge*.
 Opinion by Judge Rymer
 RYMER, Circuit Judge:
 
 
 1
 This appeal involves the "two dismissal rule" of Fed. R. Civ. Proc. 41(a)[1] and requiresus to decide whether the district court that had jurisdiction over the second action which was voluntarily dismissed may determine, at the defendant's request, if the plaintiff's notice dismissing the second action is with or without prejudice.
 
 
 2
 Under Rule 41(a)(1), an action may voluntarily be dismissed by the plaintiff without court order by filing a notice of dismissal before the defendant has answered or moved for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Such a voluntary dismissal is presumed to be "without prejudice " unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims. This is known as the "two dismissal rule."
 
 
 3
 Here, the plaintiff, Commercial Space Management Company, Inc. (CSMC), filed a stipulation of dismissal in the first action, then brought another action based on the same claims, then filed a notice of dismissal in the second action. The notice states that it is a "voluntary dismissal without prejudice." The Boeing Company--one of several defendants for whom Boeing speaks[2] --sought to change the "without prejudice" language in the second dismissal to "with prejudice" in order to comport with its view of the two dismissal rule. It did so through a Rule 59(e) motion to alter or amend the judgment. The district court denied the motion on the ground that the two dismissal rule applies only when both the first and second dismissals are by notice--not when the first dismissal is by stipulation, as it was in this case.
 
 
 4
 At argument on Boeing's appeal we questioned whether the district court had authority to condition or un condition a notice of dismissal since a Rule 41(a)(1) dismissal, once filed, automatically terminates the action, and thus federal jurisdiction, without judicial involvement. We asked for briefing on the point, which the parties provided. We now make explicit what our cases have indicated before, that once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal. Nor may it rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with prejudice or without prejudice. Since it cannot do so to begin with, it cannot do so through a Rule 59(e) motion. By the same token, it does not matter what label the plaintiff attaches to a second voluntary dismissal. Rather, Rule 41 itself prescribes the effect of Rule 41(a)(1) dismissals. Accordingly, whether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed. For this reason, we affirm the district court's order denying Boeing's Rule 59(e) motion, albeit on different grounds, and vacate its decision on the merits because it should not have reached the merits.
 
 I.
 
 5
 On December 9, 1996 CSMC filed suit against Boeing and other defendants in the United States District Court for the Central District of California, No. CV-96-8568 (Action #1), assigned to Hon. James M. Ideman. On December 20, 1996 CSMC filed a substantially identical action in Los Angeles Superior Court (Action #2). On January 7, 1997, Boeing removed Action #2 to the Central District, where it was given case No. CV-97-0105 and low-numbered to Judge Ideman. It was not consolidated with Action #1.
 
 
 6
 Since Action # 2 raised the same claims as Action # 1, Boeing asked CSMC voluntarily to dismiss the first action. A stipulationand order dismissing Action # 1 was signed by all parties and filed April 22.[3]
 
 
 7
 Meanwhile, CSMC brought suit against Boeing in Washington state court (Action #3) on April 18, 1997. Next, on May 30, CSMC filed a "Notice of Voluntary Dismissal Without Prejudice" in Action #2 in the Central District of California. On June 6 Boeing removed Action #3 from Washington state court to the United States District Court for the Western District of Washington in Seattle.
 
 
 8
 Then Boeing moved in Action #2 to alter or amend judgment pursuant to Rule 59(e). It sought to convert CSMC's notice of dismissal "without prejudice" into a notice of dis-missal "with prejudice" because CSMC had once previously dismissed an action based on the same claims (Action #1). CSMC opposed the motion on the footing that the two dismissal rule is only triggered when both dismissals (not just the last one) are by notice. The district court agreed, and denied Boeing's motion. Boeing timely appealed.
 
 II
 
 9
 * We first turn to Rule 41(a)(1) itself, for this case turns on whether the district court had discretion, at Boeing's request, to recondition CSMC's "Notice of Dismissal Without Prejudice" in Action #2 as a dismissal "with prejudice." So far as we are aware, this precise question has not been considered before. However, all that we and other courts have said about voluntary dismissals makes it clear that a court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed.
 
 
 10
 It is well settled that under Rule 41(a)(1)(i), "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Wilson v. City of San Jose , 111 F.3d 688, 692 (9th Cir. 1997). As we stated in Pedrina v. Chun, 987 F.2d 608, 610 (9th Cir. 1993) (quoting American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963)):
 
 
 11
 Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.
 
 
 12
 Because the dismissal is effective on filing and no court order is required, "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." Wilson, 111 F.3d at 692. The effect is to "leave[ ] the parties as though no action had been brought." Id[4].
 
 
 13
 We recently reaffirmed that "[t]his `absolute right' for a plaintiff voluntarily to dismiss an action when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play" in American Soccer Co. v. Score First Enters., 187 F.3d 1108 (9th Cir. Aug. 13, 1999). There, American Soccer filed a notice of voluntary dismissal under Rule 41(a)(1), dismissing the complaint without prejudice. After Score First moved to vacate the dismissal, the district court dismissed the complaint with prejudice and ordered American Soccer to pay attorneys fees to Score First. We reversed, holding that the district court lacked jurisdiction to rule on the merits of the case because American Soccer's absolute right to notice a voluntary dismissal "may not be extinguished or circumscribed by adversary or court. " See id. at 1110 (quoting Pedrina, 987 F.2d at 610). As we emphasized, "[t]he literal terms of the rule apply: if the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the district court." Id. at 1112.[5] Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it.
 
 B
 
 14
 Boeing argues that we should instead start with Rule 59(e), which it maintains was enacted expressly to allow district courts to change a dismissal "without prejudice" into a dismissal "with prejudice" under Rule 41(a). For this it relies on the Advisory Committee Notes, which indicate that subdivision (e) was "added to care for a situation such as that arising in Boaz v. Mutual Life Ins. Co. of New York , C.C.A.8, 1944, 146 F.2d 321, and makes clear that the district court possesses the power asserted in that case to alter or amend a judgment after its entry." Fed.R.Civ.P. 59 advisory committee note to 1946 Amendment. However, Boaz and the advisory committee note concern dismissals under Rule 41(a)(2)[6]. "Unlike a Rule 41(a)(1) dismissal, a Rule 41(a)(2) dismissal requires court approval," Wilson, 111 F.3d at 692, and is only effective "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). In Boaz, the Eighth Circuit held that a district court has authority to reconsider its own order dismissing a case without prejudice under Rule 41(a)(2) and to change it to a dismissal with prejudice. See Boaz, 146 F.2d at 322. Rule 59(e) was subsequently added to confirm this authority. See Fed.R.Civ.P. 59 advisory committee note to 1946 Amendment. This simply reflects the difference between a Rule 41(a)(1) dismissal and a Rule 41(a)(2) dismissal, not a policy decision (as Boeing suggests) to allow district courts to treat a Rule 41(a)(1) dismissal the same as a Rule 41(a)(2) dismissal by designating whether it is "with" or "without" prejudice.
 
 
 15
 Boeing further submits that a notice of dismissal under Rule 41(a)(1) is no less a "judgment" subject to amendment under Rule 59(e) than an order of dismissalunder Rule41(a)(2) because Rule 59(a) defines a judgment to include any appealable order, and we held in Concha v. London, 62 F.3d 1493, 1507-08 (9th Cir. 1995), that a notice of voluntary dismissal under Rule 41(a)(1) is an appealable order where that notice has the effect of dismissing the plaintiff's claims with prejudice.[7] Again, we disagree. In Concha, we faced the quite different question of the effect of a Rule 41(a)(1) dismissal on the plaintiffs' right to appeal the district court's denial of their motion to remand, which is not a final appealable order under 28 U.S.C. S 1291. The Conchas voluntarily dismissed the removed action "without prejudice" as to some defendants; the court later entered an order dismissing the complaint "with prejudice" as to other defendants; and the Conchas appealed. We recognized that the Conchas had voluntarily dismissed in order to obtain appellate review of the adverse remand ruling which they regarded as determinative of their claim. See id. at 1508-09. In these circumstances, we decided to construe the Rule 41(a)(1) dismissal, though labeled a dismissal without prejudice, as a dismissal with prejudice so that an appeal could be taken from the underlying order. See id. at 1509. At the same time, however, we reiterated that a Rule 41(a)(1) dismissal "is effective on filing and no court order is required," and that "[f]iling a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." Id. at 1506 (citing Miller v. Reddin, 422 F.2d 1264, 1265 (9th Cir. 1970), and Pedrina, 987 F.2d at 609)). This remains the rule, absent the "unusual case" -which this is not -raising a question of whether a plaintiff's challenge to an underlying order should be rescued by construing a voluntary dismissal as effectively resolving all claims prejudicially no matter how the plaintiff itself characterized the dismissal. See Concha, 62F.3d at 1508 (so characterizing its holding).[8]
 
 
 16
 Finally, Boeing contends that the result it urges makes sense because the effect of a notice of voluntary dismissal is more appropriately determined in the forum where the dismissal took place than elsewhere and that doing so, where all the affected entities are present, promotes judicial economy. We are not persuaded that this is necessarily so, for the whole point of a Rule 41(a)(1) dismissal is to give the plaintiff an "absolute" way out withoutfurther judicial involvement. See Wilson, 111 F.3d at 692. Proper adjudication of the two dismissal rule will inevitably involve (as it did here) additional briefing, hearings, and court orders -all of which impinge upon the "absolute nature of the right of voluntary dismissal, which may not be extinguished or circumscribed by adversary or court." See American Soccer, at 1111 (internal quotations omitted). Like determinations of res judicata, which routinely occur in the context of a different action, and usually in a different forum, we see no reason why the interests of judicial economy are not well served by deferring resolution of the effect of prior dismissals under the two dismissal rule to the third action, if and when one is filed that is based on or includes the same claim. It may well be that none is ever filed, thereby avoiding a two dismissal determination altogether.
 
 III
 
 17
 It follows from American Soccer and a long line ofancestors that the district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed. The action is terminated at that point, as if no action had ever been filed. Therefore, the district court has no power to place a condition on a Rule 41(a)(1) dismissal at the defendant's request. This would conflate Rule 41(a)(1) dismissals with Rule 41(a)(2) dismissals, contrary to their different language and purpose. By the same token, the label a plaintiff attaches to a second Rule 41(a)(1) dismissal is irrelevant if a subsequent action is filed "based on or including the same claim," because Rule 41(a)(1) itself instructs that such a dismissal "operates as an adjudication upon the merits." See Fed.R.Civ.P. 41(a)(1).
 
 
 18
 As we conclude that the district court lacked authority to impose a condition one way or the other on CSMC's notice of dismissal of Action #2 under Rule 41(a)(1)(i), Boeing's Rule 59(e) motion should have been denied but not on the merits. We accordingly affirm the denial of the motion and vacate the district court's decision with respect to whether the first dismissal counts for purposes of the two dismissal rule. The preclusive effect of that dismissal, if any, is for determination in a subsequently filed action that implicates the two dismissal rule.
 
 
 19
 AFFIRMED IN PART; VACATED IN PART.
 
 
 
 Notes:
 
 
 *
 The Honorable Charles R. Breyer, United States District Judge for the Nothern District of California, sitting by designation.
 
 
 [1]
 Fed. R. Civ. Proc. 41(a) provides for dismissal of actions:
 (a)(1) By Plaintiff; by Stipulation. . .. [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
 
 
 [2]
 The other defendants include Boeing Commercial Space Company, Kvaerner Maritime a.s., ENERM International Scientific and Industrial Joint Stock Company, United States Sea Launch Co. GP, L.L.C. and United States Sea Launch LP.
 
 
 [3]
 A few days later CSMC filed a "Notice of Voluntary Dismissal" in the same action, which Judge Ideman struck since Action #1 had already been dismissed. Neither this notice nor the court's striking of it is at issue, as both parties agree that the two relevant dismissals are the dismissal by stipulation of the first action, filed April 22, and of the second action by notice filed May 30.
 
 
 [4]
 See also Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (voluntary dismissal is "self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required"); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1190 (8th Cir. 1984) (noting Rule 41(a)(1)"contains no exceptions that call for the exercise of judicial discretion by any court" and invalidating district court's entry of "So Ordered" notation on parties' Rule 41(a)(1)(ii) stipulated dismissal); D.C. Elecs., Inc. v. Nartron Corp., 511 F.2d 294, 298 (6th Cir. 1975) ("Other than to determine . . . whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i)."); 8 Moore's Federal Practice P 41.33[6][e], at 41-84 (3d ed. 1999) ("Once a notice of dismissal without prejudice is filed, the court loses jurisdiction over the case, and may not address the merits of [the] action or issue further orders."). The voluntary filing of the Rule 41(a)(1)(i) notice therefore marks "the end of the case," and an "attempt to deny relief on the merits and dismiss with prejudice [is] void"; the court "ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976). Thus, a Rule 41(a)(1)(i) dismissal "strips a court of jurisdiction" in the sense that it "terminates the case all by itself. There is nothing left to adjudicate." Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1078 (7th Cir. 1987) (internal quotations omitted).
 
 
 [5]
 We also noted that "[t]his does not prejudice defendants. If defendants `desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(1)(a) [they] may do so by taking the simple step of filing an answer." Id. at 1112 (quoting Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977)).
 
 
 [6]
 Fed. R. Civ. Proc. 41(a)(2) provides, in pertinent part: (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper.
 
 
 [7]
 Boeing acknowledges that it may seem odd that its view of the jurisdictional issue here (whether the district court had power to entertain and grant its motion) depends on the same point as the merits (whether CSMC's notice of voluntary dismissal effected a dismissal with prejudice), yet it argues there is no theoretical reason why the merits facts must be distinct from the jurisdictional facts because they sometimes are the same. We do not disagree in the abstract. However, Boeing's argument here is completely circular: Because the two dismissal rule applies on the merits, the dismissal should be with prejudice; and because a dismissal with prejudice is an appealable final order it is a "judgment" which may be altered or amended under Rule 59(e); thus, the district court had the authority, power and jurisdiction to entertain and grant its motion to alter or amend the dismissal. This confuses jurisdiction to rule on the Rule 59(e) motion -which the court had -with jurisdiction to exercise discretion with respect to the conditions of CSMC's Rule 41(a)(1) notice of dismissal -which the court lacked.
 
 
 [8]
 Just as we did not hold in Concha that a district court has power to determine that a notice of dismissal filed in a pending case operates as an adjudication on the merits, as Boeing suggests, Bolivar v. Pocklington, 975 F.2d 28, 29-30 & n.5 (1st Cir. 1992), upon which it also relies, did not either. The court in Bolivar was concerned with whether the district court had jurisdiction to impose sanctions against plaintiffs following entry of a judgment dismissing the case "without prejudice" pursuant to Rule 41(a)(1), not with whether it had jurisdiction either to enter an order conditioning the dismissal as "with" or "without" prejudice under the two dismissal rule or to change such an order once entered. The Bolivar district court had jurisdiction after the dismissal was filed because a voluntary dismissal under Rule 41(a)(1)(i) does not divest the district court of jurisdiction to impose sanctions, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393-98 (1990), a situation that does not exist in this case.