In re Patricia A. McCOLM, Debtor.

**Fireman's Fund Insurance Companies, Plaintiff,**

v.

**Miles, Wright, Finley, & Zak, et al., Defendant.**

No. C 99–3034CRB.

Bankruptcy No. 98–34290–DM.

Adversary No. 98–3369 DM.

United States District Court, N.D. California.

Dec. 22, 1999.

Corinne D. Barton, Simoncini & Associates, San Jose, CA, for plaintiff.

Jonathan M. Zak, Miles Wright Finlay & Zak LLP, Santa Ana, CA, for defendant.

Patricia A. McColm, San Francisco, CA, pro se.

Elizabeth Edward, EVMD Trust, Tucson, AZ, pro se.

George L. McColm, Lewiston, CA, pro se.

## MEMORANDUM AND ORDER

BREYER, District Judge.

Now before the Court is the appeal of Elizabeth Edwards from the bankruptcy court's Order of Remand dated June 29, 1999 in *Fireman's Fund Ins. Cos. v. Miles, Wright, Finley, Zak, et al.,* Adversary Proceeding No. 98–3369 DM,

## BACKGROUND

The adversary proceeding relates to the claims of Fireman's Fund Insurance Companies ("Fireman's") concerning the alleged fraudulent transfer of property among and between the defendants in that proceeding. The proceeding was originally filed in state court and was removed to bankruptcy court by the debtor, Patricia McColm. The petitioner, Elizabeth Edwards ("Edwards") moved in the bankruptcy court to dismiss the action on the ground that the bankruptcy court did not have personal jurisdiction and on the ground that she had not been properly served. The court denied the motions and petitioner filed motions for reconsideration.

In the meantime, the debtor's Chapter 11 bankruptcy was converted to Chapter 7 and the Chapter 7 trustee abandoned any interest that the estate may have held in the adversary proceeding. The debtor received her discharge on April 29, 1999 and was dismissed from the adversary proceeding. As a result of these actions, the outcome of the adversary proceeding no longer had any conceivable effect on the estate being administered in bankruptcy or any effect on the debtor. Accordingly, at a hearing on May 20, 1999, the bankruptcy court raised the issue of whether it could retain jurisdiction of the adversary proceeding. By Order dated June 29, 1999, the court ordered the adversary proceeding remanded. In particular, the court stated that

> because Debtor has received her discharge and has been dismissed as a defendant in this action by a separate order, and because the estate no longer has any interest in the action, the court—which has wide discretion to remand an action on its own motion . . .— will remand this matter to state court.

June 29, 1999 Order at 5.

With respect to the pending motions for reconsideration, the bankruptcy court stated:

> First, the motions for reconsideration are still pending, and a state court will

decide to grant or deny the relief sought in those motions. More importantly, however, this court's previous decisions are not necessarily binding on the state court. To the extent the court lacks jurisdiction over this adversary proceeding, its prior rulings do not have any preclusive effect of substantive matters to be remanded to state court.

*Id.*

Edwards originally appealed the bankruptcy court's orders denying her motions to dismiss. She subsequently filed a second notice of appeal concerning the order of remand. This Court issued a briefing schedule and noted that it did not appear to have jurisdiction to hear petitioner's appeal from the orders denying her motions to dismiss, but that it might have jurisdiction to hear an appeal from the order of remand. That appeal is presently before the Court.

### DISCUSSION

■ Petitioner does not actually challenge the bankruptcy court's decision to remand the adversary proceeding to state court. Instead, she complains that the bankruptcy court erred by not vacating its orders denying her motions to dismiss before the court remanded the action. She contends that because the court did not vacate the orders, the orders may "collaterally estop" her from raising the same issues in the state court. She also complains that the bankruptcy court in dicta stated that if it were to decide Edwards' motions for reconsideration, it would deny them.

Edwards' appeal is meritless. She is essentially appealing the bankruptcy court's orders denying her motions to dismiss and the court's refusal to decide her motions for reconsideration before remanding the action. The Court does not have jurisdiction to hear her appeal of these interlocutory orders. Under the Federal Rules of Civil Procedure, district courts have jurisdiction to hear appeals from the bankruptcy courts involving (1) final judgments, orders and decrees, (2) interlocutory orders and decrees issued under Title 11 section 1121(d), and (3) with leave of court, other interlocutory orders and decrees. *See* 28 U.S.C. § 158(a). The orders about which Edwards complains are not final judgments, orders, or decrees and neither this Court nor the bankruptcy court has given her leave to appeal those orders.

■ The Court also does not have jurisdiction to strike the alleged "excess verbiage" in the order of remand which petitioner contends may confuse another court. Nor does it have jurisdiction to determine in advance whether the bankruptcy court's orders will be the "law of the case" in the state court action; that is an issue for the state court to determine. *Cf. Commercial Space Management Co., Inc. v. The Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir.1999) (holding that issue of whether dismissal was with or without prejudice becomes ripe only when new action is filed and issue is raised; the court in the new action should decide the issue).

### CONCLUSION

For the foregoing reasons, the June 29, 1999 Order of Remand is AFFIRMED.

**IT IS SO ORDERED.**