**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK WAH SUN YOUNG, | No. 10-15930 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00403-SOM-BMK |
| v. | |
| BISHOP ESTATE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 15, 2012
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

Mark Wah Sun Young appeals from the final judgment of the district court

dismissing with prejudice his claims against Defendants Kamehameha

Schools/Bishop Estate, Robert Bruce Graham, Ashford & Wriston, LLP, Corbett

A.K. Kalama, Diane J. Plotts, J. Douglas Ing, Nainoa Thompson, Robert K.U.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Kihune, Ronald R. Sakamoto, and Judge Colleen K. Hirai (collectively, the "Ten Defendants"); and denying him leave to file an amended complaint against the remaining three Defendants, James Francis Vrechek, Jason Tani, and Frank Kanemitsu. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court did not abuse its discretion in dismissing *with prejudice* Young's claims against the Ten Defendants, which he had voluntarily moved to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).

On appeal, Young correctly observes that Rule 41(a)(1) provided him "an absolute right" to voluntarily dismiss his claims against those defendants who had not yet answered his complaint nor moved for summary judgment. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Hamilton v. Shearson-Lehman Am. Express, Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987)). However, Young never invoked Rule 41(a)(1) in the proceedings below, and the district court had no obligation to transform, *sua sponte*, his Rule 41(a)(2) motion into a notice of dismissal under Rule 41(a)(1). The two provisions are not interchangeable, *see Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1080 (9th

Cir. 1999), and the district court was not required to restyle Young's motion to avoid the consequences of his explicit pleading choices.

Assuming, without deciding, that the district court was required to forewarn Young of its intent to grant his Rule 41(a)(2) dismissal motion with prejudice and to provide him additional time to withdraw the motion, we conclude that any error was harmless. Young's original claims against the Ten Defendants had already been dismissed by the district court, Young had conceded that he had no real chance to amend the complaint successfully, the magistrate judge had recommended dismissal of the amended claims with prejudice, and some of the Ten Defendants had already moved to dismiss the claims with prejudice. Young had adequate notice of the possibility that the district court might dismiss his claims against the Ten Defendants with prejudice and had the opportunity to object to the dismissal with prejudice. Therefore, any failure of the district court to provide additional notice was harmless, and provides no basis upon which to reverse the district court's exercise of discretion.

II

We have carefully reviewed the district court's order denying Young's motion for leave to file an amended complaint against Frank Kanemitsu and Jason

Tani and conclude that the district court did not abuse its discretion in denying plaintiff's motion for leave to amend to file new claims against these defendants.

III

We reverse the district court's denial of leave to file an amended complaint against Francis Vrechek for lack of jurisdiction, a decision we review *de novo*. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 n. 1 (9th Cir. 2007) (citing *Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1057 (9th Cir. 1996)).

A

Contrary to the district court's conclusion, the probate exception does not deprive the district court of jurisdiction over Young's negligence claim against Vrechek. That narrow jurisdictional bar

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). Because Young's negligence claim against Vrechek "seeks an *in personam* judgment...not the probate or annulment of a will," *id.* at 312, it may be properly adjudicated in a federal forum.

4

B

Likewise, the *Rooker-Feldman* doctrine does not preclude federal adjudication of Young's negligence claim. That doctrine applies only "when the federal plaintiff's claim arises from [a] state court judgment, not simply when a party fails to obtain relief in state court." *Henrichs*, 474 F.3d at 613 (citing *Noel v. Hall*, 341 F.3d 1148, 1164-65 (9th Cir. 2003)). Although Young's negligence claim arises out of the same set of underlying facts that are the subject of ongoing probate proceedings in the Hawaii courts, it does not seek relief from a state court judgment. Therefore, *Rooker-Feldman* does not apply. *See id.* at 615 n. 2 (holding that *Rooker-Feldman* does not apply when the injury complained of in the federal action "does not arise from a state court judgment, but rather from the actions of an adverse party").

C

Finally, abstaining from the exercise of federal jurisdiction over Young's negligence claim is not proper under *Younger v. Harris*, 401 U.S. 37 (1971). To warrant abstention under *Younger*, the district court must find that (1) there are ongoing state court proceedings, (2) which implicate an important state interest, and (3) provide the federal plaintiff an adequate opportunity to raise his claims, and (4) the federal action would enjoin the state court proceedings or have the

practical effect of doing so. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). Here, the state's generalized interest in interpreting and giving effect to testamentary documents is not sufficient to satisfy *Younger*'s second prong. *Cf. Roden*, 495 F.3d at 1150 (holding that a state's generalized interest in judicial efficiency does not qualify as an "important state interest" under *Younger*). In addition, there is no indication that the district court's adjudication of Young's negligence claim would effectively enjoin the pending state probate proceedings. *See id.* at 1151 (holding that a mere concern over potential conflict between federal and state proceedings is inadequate to satisfy *Younger*'s "effective injunction" element).

Even if *Younger*'s four elements were "strictly met" in this case, *id.* at 1148, a stay of federal proceedings would be the appropriate remedy, as Young does not seek injunctive relief. *See id.* at 1148 (citing *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc)) (in an action for damages, *Younger* requires a stay, not dismissal, of the federal proceedings).

D

Under Rule 15(a) of the Federal Rules of Civil Procedure, the denial of leave to file an amended complaint is a matter committed to the district court's discretion. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (quoting *Outdoor*

6

*Systs.*, *Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993)).  The district court may properly deny leave on the ground that amendment would be futile.  *Id.* at 845.  However, the district court based its denial of leave to file an amended complaint asserting a negligence claim against Vrechek solely on its perceived lack of jurisdiction over that claim.  Because that jurisdictional determination was in error, we must vacate the district court's order denying Young leave to file an amended complaint against Vrechek.  We express no opinion on the merits of the proposed amendment.

### III

The district court acted within its discretion in granting Young's Rule 41(a)(2) motion with prejudice against the Ten Defendants.  Thus, we affirm the district court's order denying leave to amend as to defendants Kanemitsu and Tani. We vacate the district court's order denying Young leave to file an amended complaint against Vrechek and remand for further proceedings.

We express our gratitude to Allison Ehlert, along with Mandy Hu and William Christopher, of the law firm of Coblentz, Patch, Duffy & Bass, LLP, for their pro bono representation of the plaintiff in this appeal.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**

7