**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD F. MARTINEZ, | No. 13-15269 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05293-CRB |
| v. | |
| M. EVANS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Ronald F. Martinez appeals pro se from the district

court's order denying his motion to invalidate the deduction of restitution from his

settlement in his 42 U.S.C. § 1983 action alleging constitutional violations arising

from a lockdown at his prison.  We have jurisdiction under 28 U.S.C. § 1291.  We

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the issue of whether the district court had subject matter jurisdiction. *Hagestad v. Tragesser*, 49 F.3d 1430, 1432-33 (9th Cir. 1995). We vacate.

The district court lacked jurisdiction to decide Martinez's "Motion Alleging 42 U.S.C. § 1983 Preempts Cal. P.C. 2085.5 Restitution Deduction from Settlement Agreement," which Martinez filed after the court ordered dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii). *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997) (this court has an obligation to inquire into its jurisdiction and that of the lower court); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (concluding that the district court lacked jurisdiction over a motion to enforce settlement following entry of a stipulated dismissal with prejudice where there was no provision in the settlement agreement retaining jurisdiction, and the settlement agreement was not incorporated into the order dismissing with prejudice); *Commercial Space Mgmt. Co., Inc. v. The Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("[O]nce a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of dismissal."). Accordingly, we vacate the district court's order.

We reject Martinez's contentions that the district court had ancillary

jurisdiction, and that it should have treated his preemption motion as a motion for relief under Fed. R. Civ. P. 60(b)(3) or (6).

Because Martinez states in his reply brief that he appeals from the denial of his preemption motion only, we do not address the district court's denial of his other post-dismissal motions.

Because we vacate based on the district court's lack of jurisdiction, we do not address Martinez's arguments concerning the merits of his preemption motion or his request for inquiry into any payment of restitution made to his victim's mother.

Martinez's motion for judicial notice, filed on January 8, 2014, is denied as unnecessary.

**VACATED.**

13-15269