NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 51

No. 2017-349

| | |
|---|---|
| Federal National Mortgage Association | Supreme Court |
| v. | On Appeal from<br>Superior Court, Rutland Unit,<br>Civil Division |
| Marjorie Johnston and Kamberleigh Johnston | April Term, 2018 |

Helen M. Toor, J.

Brett Edmunds of Shechtman Halperin Savage, LLP, Pawtucket, Rhode Island,
  Plaintiff-Appellee.

Marjorie Johnston and Kamberleigh Johnston, Pro Ses, Rutland, Defendants-Appellants.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.     **EATON, J.**  Defendants Marjorie Johnston and Kamberleigh Johnston appeal the voluntary dismissal without prejudice filed by plaintiff bank Federal National Mortgage Association in this eviction action. On appeal, defendants argue that because a prior eviction action filed by bank had been dismissed, this case should have been dismissed with prejudice. Defendants also contend that the court erred in denying their motion to reconsider without a hearing and not dismissing the case on mootness grounds. We conclude that the effect of the voluntary dismissal is not ripe until a third action is filed and affirm.

¶ 2.     Court records indicate that in June 2016 bank filed an eviction action against defendant Marjorie Johnston for property located at 49 Pine Street in Rutland. Fed. Nat'l Mortg.

v. Johnston, No. 302-6-16 Rdcv (Vt. Super. Ct.). Following entry of a default judgment, the court found that service had not been properly completed and bank conceded to vacating the default judgment. Because the time for service had run, the court dismissed the case without prejudice in November 2016. In March 2017, bank filed this eviction action against defendants for property located at 49 Pine Street, unit 2, in Rutland. The complaint alleged that bank had purchased the property in a foreclosure sale and that defendants were the former mortgagors and current occupants of the property. In June 2017, bank filed a notice of voluntary dismissal, seeking to dismiss the case without prejudice. At that time, defendants had not filed an answer or otherwise appeared in the case. The dismissal was entered on June 23, 2017. On July 10, 2017, defendant Marjorie Johnston filed a notice of appearance in the case and a motion to reconsider, arguing that the case should have been dismissed with prejudice due to the dismissal of the prior eviction action. Defendant also asserted that instead of allowing a voluntary dismissal, the court should dismiss the case with prejudice on mootness grounds because bank had sold the property prior to seeking a voluntary dismissal. The trial court denied the motion without a hearing. The court explained that bank was entitled to dismiss the action without prejudice because defendants had not yet filed an answer. The court concluded that the dismissal was without prejudice because the prior action had been dismissed by court order rather than by bank's voluntary dismissal. Defendants appeal.

¶ 3.     Under Vermont Rule of Civil Procedure 41(a), a plaintiff can dismiss a case "without order of court" by filing a notice of dismissal if it is before the adverse party files an answer. A voluntary dismissal is usually without prejudice, "except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court." V.R.C.P. 41(a)(1). This is known as the two-dismissal rule.

¶ 4.     Defendants contend that the two-dismissal rule applies here and therefore dismissal should have been entered "with prejudice."[1]  Defendants further assert that the court erred in denying their motion to reconsider without a hearing and in denying their request to dismiss the case with prejudice on mootness grounds.  We conclude that defendants' argument concerning the two-dismissal rule was not properly before the trial court and will become ripe only when and if a third action is filed.  Therefore, we do not reach the merits of the claim or defendants' argument concerning mootness.

¶ 5.     We begin with the dismissal rule.  "The interpretation of procedural rules is a question of law which we review de novo."  State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1, 967 A.2d 1126.  In assessing the meaning of the rule, we examine the language and purpose of the rule.  See id. (stating that in interpreting procedural rules, courts employ statutory-construction tools and consider rule's "plain language and the purpose it was designed to serve").  Rule 41(a) is entitled "Voluntary Dismissal; Effect Thereof" and is separated into paragraphs for dismissal by plaintiff or stipulation, and by court order.  Rule 41(a)(1), the portion for dismissal by plaintiff, states that a plaintiff "without order of court" can dismiss an action "by filing a notice of dismissal" if it is before the adverse party has served an answer or a motion for summary judgment.  The language of the rule specifically providing that dismissal is "without order of court" connotes that as long as a plaintiff makes the filing and the requisite facts are present—the defendant has not filed an answer—then the case is dismissed.  The rule language does not imply that any court action is required to effectuate the dismissal.  This is reinforced by the Reporter's Notes, which explain that voluntary dismissal is "as of right" if made "before the adverse party pleads."  Reporter's Notes,

---

[1]  Defendants did not appeal immediately from the court's dismissal order; instead defendant Marjorie Johnston filed a motion to reconsider and vacate that order citing Vermont Rules of Civil Procedure 59 and 60.  Because the motion was timely filed, it tolled the appeal period and there is no merit to bank's assertion that defendants' appeal was untimely filed.  See V.R.A.P. 4(b) (listing motions, which if timely filed, toll appeal period).

V.R.C.P. 41. This voluntary dismissal is without prejudice unless the two-dismissal exception applies.

¶ 6. Because the dismissal is effective upon filing and without court order, the question is whether the court retains authority after the dismissal to decide whether the two-dismissal rule applies. In a different context, this Court addressed the question of whether it was appropriate for a court dismissing a case to explain the preclusive effect of the dismissal. We held that "[i]n general, a court should not dictate preclusion consequences at the time of deciding a first action" because it is "the duty of the second trial court—which knows both what the earlier finding was and how it relates to a later case—to independently determine what preclusive effect a prior judgment may be given." Cenlar FSB v. Malenfant, 2016 VT 93, ¶ 42, 203 Vt. 23, 151 A.3d 778 (quotations omitted). Similarly, we conclude that the question of whether the two-dismissal rule applies to a voluntary dismissal is not ripe until a third action is filed. First, this preserves the summary nature of the voluntary dismissal under Rule 41, allowing dismissal as of right and without court action. Second, it reserves the question for when it is actually live; if no subsequent action is filed, then it may not ever be necessary to address the question of whether the two-dismissal rule applies. If a third action is filed, at that point, the court can determine the facts of the prior two actions and decide if the two-dismissal rule applies.[2]

¶ 7. Federal interpretations of analogous Federal Rule of Civil Procedure 41 agree with this approach. See Amidon, 2008 VT 122, ¶ 16 (explaining that where federal rule is similar to Vermont rule, "we look to federal cases interpreting the federal rule for guidance"); see also Reporter's Notes, V.R.C.P. 41 (stating that Vermont Rule 41 is "substantially similar to" Federal Rule 41). In Commercial Space Management Co. v. Boeing Co., 193 F.3d 1074 (9th Cir. 1999),

---

[2] Because we hold the issue of the two-dismissal rule was not yet ripe, we do not reach the question of whether the November 2016 dismissal counted as a dismissal by plaintiff for purposes of Rule 41(a)(1).

4

the Court of Appeals for the Ninth Circuit was faced with a similar question to that raised here. In that case, the plaintiff filed a first action, which ended with a stipulation to dismiss. The plaintiff brought a second action based on the same claims and filed a voluntary dismissal before an answer was filed and the case was dismissed without prejudice. One of the defendants filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend, seeking to change the dismissal to "with prejudice" based on its assertion that the two-dismissal rule applied. The appeals court concluded that "whether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed." Id. at 1076. The court stated: "Because the dismissal is effective on filing and no court order is required, the filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." Id. at 1077 (quotation and alteration omitted). The court further explained that because the trial court lacks authority to condition a voluntary dismissal after it is filed, the application of the two-dismissal rule must be deferred to a third action. Id. at 1080. Other courts[3] have agreed that the issue of whether the two-dismissal rule applies "is an issue that becomes ripe and can be determined only in a third action, if and when one is filed." E. Surette, Construction and Application of Two-Dismissal Rule Under Federal Law, 10 A.L.R. Fed. 3d Art. 4, § 11 (2016) (citing cases).

¶ 8.     Defendants claim that the trial court erred in denying their motion to reconsider and in adjudicating it without a hearing. The trial court has discretion to decide a motion to reconsider and may dispose of such a motion without a hearing. See Rubin v. Sterling Enters., Inc., 164 Vt.

---

[3] Although some courts do not directly address the question of when the issue becomes ripe, the facts of the cases indicate that the application of the two-dismissal rule is assessed in the third action. See ASX Inv. Corp. v. Newtown, 183 F.3d 1265, 1268 (11th Cir. 1999) (assessing application of two-dismissal rule in third action and holding that two-dismissal rule does not apply when first action was dismissed by court order); Loubier v. Modern Acoustics, Inc., 178 F.R.D. 17, 20-21 (D. Conn. 1998) (assessing whether two-dismissal rule applies in subsequent action).

5

582, 588, 674 A.2d 782, 786 (1996) ("Although generally favored, hearings are not mandatory for V.R.C.P. 59 motions, particularly where the moving party has failed to show prejudice from the lack of a hearing."). Given that the motion raised application of the two-dismissal rule and our holding that the application of the two-dismissal rule was not a matter within the court's authority, we conclude that defendants cannot demonstrate prejudice from the lack of a hearing or that the court erred in denying them relief.

¶ 9. Defendants' final argument is that the case should have been dismissed as moot because bank no longer owned the property when it filed the dismissal. Because the voluntary dismissal had already been entered, the court was without authority to consider defendants' subsequent request to dismiss the matter on other grounds. See Am. Soccer Co. v. Score First Enters., 187 F.3d 1108, 1112 (9th Cir. 1999) (holding that plaintiff has right to voluntarily dismiss without prejudice if no answer is filed "without interference from" trial court and court lacked authority to consider merits of case after voluntary dismissal filed).

Affirmed.

FOR THE COURT:

_____

Associate Justice

6