41 F.3d 1318
 GRiD SYSTEMS CORP., a California Corporation, Plaintiff,
and
Fenwick & West, Appellant,
v.
JOHN FLUKE MANUFACTURING COMPANY, INC., a Washington
corporation; Dynatec System Corp., an Illinois
corporation, Defendant-Appellee.
 No. 93-15582.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Dec. 5, 1994.
 
 David W. Slaby and Donald J. West, Fenwick and West, Palo Alto, CA, for appellant.
 Christopher J. Rillo, Chew, Rillo & Chung, San Francisco, CA, for appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fenwick and West, counsel for plaintiff GRiD Systems Corporation ("GRiD"), challenges the district court's imposition of sanctions against them pursuant to 28 U.S.C. Sec. 1927. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We reverse.
 
 I. FACTS
 
 2
 In March, 1990, John Fluke Manufacturing Company, Inc. ("Fluke") contracted to have GRiD provide an automation system. Dynatec Systems Corporation ("Dynatec") was retained by GRiD to design the software for the new computer system.
 
 
 3
 Dynatec failed to produce workable software and was discharged by Fluke. Fluke sought indemnification from GRiD by filing a claim with the American Arbitration Association. In addition, Fluke simultaneously brought an action in the district court to enforce a settlement agreement with Dynatec.
 
 
 4
 In-house counsel for GRiD had pursued the arbitration with Fluke for five months when GRiD retained new attorneys, Fenwick & West. At the arbitration hearing, GRiD objected to the authority of the arbitrator and moved to stay the arbitration while GRiD brought suit against Fluke and Dynatec in state court. GRiD filed the state court action in an attempt to protect its rights against Dynatec.
 
 
 5
 Fluke removed GRiD's state court action to the federal district court based on diversity jurisdiction, 28 U.S.C. Sec. 1441(b), and filed notice of the related action between Fluke and Dynatec. The district court dismissed GRiD's claims against Fluke as duplicative of the stayed arbitration proceeding and stayed the proceeding against Dynatec pending the outcome of the Fluke-GRiD arbitration. Fluke then moved for sanctions against Fenwick & West pursuant to 28 U.S.C. Sec. 1927. The district court determined that GRiD's state court complaint, which was filed on its behalf by Fenwick & West and which had been removed to the district court by Fluke, "unreasonably and vexatiously" multiplied the proceedings and sanctioned Fenwick & West.
 
 II. DISCUSSION
 
 6
 We review all aspects of an award of Sec. 1927 sanctions for an abuse of discretion. MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir.1991).
 
 
 7
 The District Court stated that Fenwick & West's complaint unreasonably multiplied the proceedings before it because it addressed the same facts and circumstances as those being arbitrated between Fluke and GRiD. Fenwick and West claim that filing an action in a different court cannot qualify as unreasonably or vexatiously multiplying a proceeding under Sec. 1927, which provides:
 
 
 8
 Any attorney or other person admitted to conduct cases ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 9
 In Hurd v. Ralphs Grocery Company, 824 F.2d 806, 808 (9th Cir.1987), we held that sanctions could not be imposed under Rule 11 for filing a paper in state court when the matter was subsequently removed to federal court. We agree with the Fifth Circuit that Sec. 1927 limits a federal court's ability to sanction an attorney for conduct before another court. Matter of Case, 937 F.2d 1014 (5th Cir.1991). Here, Fenwick & West took no action before the district court. They did not multiply the proceedings in the case before the district court. The suit filed in state court is an entirely separate action, not subject to the sanctioning power of the district court. Section 1927 cannot reach conduct of a party who is not involved in an action before the sanctioning court at the time of the conduct.
 
 
 10
 Fluke contends that In Re Peoro, 793 F.2d 1048, 1051 (9th Cir.1986) permits the imposition of sanctions under Sec. 1927 for conduct in a separate court. In Peoro, we affirmed the imposition of sanctions upon counsel by a district court for filing additional bankruptcy proceedings on an issue the court had decided years earlier. Id. at 1052. The argument fails because bankruptcy courts are not separate courts from the district court but are part of it. 28 U.S.C. Sec. 151. Fluke's reliance on Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S.Ct. 2123, 2135-36, 115 L.Ed.2d 27 (1991), is misplaced. There the activity involved was defiance of a direct court order and was based on the court's inherent power, not Sec. 1927. Fluke also argues that if the sanctions cannot be upheld under Sec. 1927, they can be upheld under the inherent authority of the court to sanction those who abuse its processes in bad faith. We have previously held that "the conduct in question must in fact be sanctionable under the authority relied upon." Matter of Yagman, 796 F.2d 1165, 1183 (9th Cir.1986) (emphasis added) (reversing sanctions), cert. denied, sub nom., 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987). The court here relied on Sec. 1927; as Sec. 1927 cannot support the sanctions, the sanctions cannot stand. The district court abused its discretion by awarding sanctions against Fenwick & West. We REVERSE.