NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: USA COMMERCIAL MORTGAGE CO., | No. 10-16557 |
| | D.C. No. 2:09-cv-01947-RCJ-PAL |
| USACM LIQUIDATING TRUST, | |
| Plaintiff - Appellee, | MEMORANDUM[*] |
| WINTHROP COUCHOT PROFESSIONAL CORPORATION, Former counsel for Anthony Monaco, Susan K. Monaco and Monaco Diversified Corporation, | |
| Interested Party - Appellant, | |
| v. | |
| EAGLE RANCH, LLC; EAGLE RANCH RESIDENTIAL, LLC; WILLOWBROOK RESIDENTIAL, LLC; BRENTWOOD 128 LLC; RAVENSWOOD APPLE VALLEY, LLC; ANTHONY MONACO; SUSAN K. MONACO; MONACO DIVERSIFIED CORPORATION, | |
| Defendants. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted August 31, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and WU, District Judge.[**]

Winthrop Couchot Professional Corporation (Winthrop), former counsel for Anthony and Susan K. Monaco (collectively, the Monacos), appeals the district court's imposition of discovery sanctions arising from the chapter 11 bankruptcy of USA Commercial Mortgage Corporation (USACM). USACM Liquidating Trust (the Trust), the transferee of USACM's assets, filed the underlying adversary proceeding against the Monacos alleging, *inter alia*, unjust enrichment.

**1.** We review *de novo* the legal question whether the district court possessed the power to sanction Winthrop. *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992) (*Unigard*). "If the power existed, the district court's exercise of that power will only be reversed for an

[**]    The Honorable George H. Wu, U.S. District Judge for the Central District of California, sitting by designation.

abuse of discretion. Underlying findings of fact are reviewed for clear error." *Id.* (citation omitted).

The district court possessed the power to sanction Winthrop pursuant to its inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 368 (citation omitted). The Trust's motion for sanctions asserted that the imposition of sanctions against Winthrop and the Monacos was warranted pursuant to the district court's inherent authority in addition to Federal Rule of Civil Procedure (FRCP) 37. The district court's explicit finding of bad faith supports an inference that the court relied on its inherent authority in addition to its authority under FRCP 37. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (*Primus*) (deducing from "the focus of the district court's inquiry and decision" that it was relying on its inherent sanctions powers, despite the district court's failure to expressly so specify in its order).

**2.** Our decision does not conflict with *GRiD Systems Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318, 1320 (9th Cir. 1994) (per curiam). In *GRiD Systems*, the district court relied exclusively and erroneously on its powers under 28 U.S.C.

§ 1927. It does not appear that the party seeking sanctions raised the issue of inherent authority before the district court. In contrast, the Trust in this case moved for sanctions pursuant to the court's inherent authority, thereby placing the issue before the court. Thus, this case is governed by *Unigard* rather than *GRiD Systems*, and there is no conflict between the cases.

**3.** The district court's sanctions order did not constitute an abuse of discretion because its decision was supported by an "explicit finding that counsel's conduct [during discovery] constituted or was tantamount to bad faith. . . ." *Primus*, 115 F.3d at 648 (citations and internal quotation marks omitted). This finding was not clearly erroneous. *See id.* at 649 (holding that "[a] finding of bad faith is warranted where an attorney . . . delay[s] or disrupt[s] the litigation or hamper[s] enforcement of a court order. . . .") (citations and internal quotation marks omitted); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1991) (en banc), *as amended* (observing that we afford "great deference" to a district court's factual finding that an attorney acted with bad faith). Indeed, the record reflects that counsel knowingly and willfully obstructed the discovery process. At a minimum, when depositions were taken and all

4

responsible parties denied knowledge of the whereabouts of crucial documents, counsel were aware of and participated in the obstructive conduct of the Defendants whom they represented.

4. Winthrop was afforded due process. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164-65 (9th Cir. 2003). The Trust's motion provided notice to Winthrop regarding the possibility of monetary sanctions if it continued its discovery misconduct, and Winthrop's responsive brief and opportunity to present its arguments orally to the district court provided it with the opportunity to be heard prior to the imposition of sanctions. *See id.* No evidentiary hearing was required. *See id.* at 1164.

5. The district court did not lack jurisdiction to impose discovery sanctions. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992) (holding that a court has jurisdiction to make orders necessary for "the maintenance of orderly procedure," including the issuance of sanctions against attorneys, even if its determination of its jurisdiction over the underlying action later turns out to be mistaken); *see also In re Exxon Valdez*, 102 F.3d 429, 431 (9th Cir. 1996) (holding

that the discovery sanctions imposed by the district court "were collateral to the merits of the actions, just as the Rule 11 sanctions were in *Willy* . . . [T]hey did not signify a district court's assessment of the legal merits of the complaint.") (citations, alterations and internal quotation marks omitted).

6.      Because we affirm sanctions under the court's inherent authority, we need not address whether sanctions may be awarded against an attorney under Rule 37(c), a question three other circuits have answered in the negative. *See Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 141 (3d Cir. 2009); *Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003); *Apex Oil Co. v. Belcher Co. of N.Y.*, 855 F.2d 1009, 1014 (2d Cir. 1988).

**AFFIRMED.**